ESTELLA J. HUBBARD

*v.*

MARGARET HUBBARD.

*Opinion filed October 25, 1902.*

1. WILLS—*chancellor's finding as to condition of will when codicil was executed not lightly disturbed.* The finding of the chancellor that a certain bequest in a will had been erased by the testator before the codicil was added, which finding is based upon oral testimony taken in open court, will not be reversed unless clearly erroneous.

2. SAME—*publication of a codicil is a re-publication of will in its then form.* The publication of a codicil is a re-publication of the will in the form it was at the time of the execution of the codicil, and proof of the execution of the codicil establishes the will.

3. SAME—*when provision of will is not revoked by codicil.* If the testator by the first clause of the will gives his wife a farm, by the second his life insurance, and by the third gives his mother a sum of money to be paid from his safety deposit box, and by the first clause of the codicil gives his sister a sum of money to be paid from the same box, and by the last clause gives his wife "all money left" in such box, the codicil does not revoke the gift to the mother.

*Hubbard v. Hubbard,* 99 Ill. App. 555, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the circuit court of Cook county construing the will of George N. Hubbard, deceased, which was in the following form when filed for probate:

"HOPPERTOWN, MICH., *Jany 3d/1895.*

"*In the name of God, amen,*—I George N. Hubbard, being of sound and disposing mind and memory, calling to mind the frailty and uncertainties of human life, and being desirous of settling my worldly affairs and directing how my affairs shall be settled and divided and disposed of after my deceased while I have strength and capacity so to do make & publish this my last will and testament hereby revoking and making null & void all other last wills and testaments by me heretofore made, as to my worldly estate and all the property real, personal or mixed of which I shall die seized & possessed or of which I shall be entitled at the time. of my deceased I devise, bequeath and dispose thereof in the manner following, to-wit:

"I give, devise & bequeathe to my beloved wife Estella Hubbard the 158-½ farm situated in Lee Township, Allegan Co. State of Michigan accordg to deed & Abstract of said property, also All Building on Same and all stock & implements & Personal property.

"& I further bequeathe to my wife Estella Hubbard my Beneficiary Policy now held by me in the Hotel Men's Mutual Benefit Association of Chicag Ills.                    ~~Three~~

~~'I further bequeathe My Wife Estella Hubbard Twenty-One Thousand Dollars in Cash 23000.00) now lying in my Safety Box in the National Safe Deposit Co. vaults Chicago Ill. to be paid to her by executor hereinafter named within sixty days after my deceased.~~

"And I further bequeathe to my Honored Mother Margaret Hubbard Eight Thousand Dollars in cash ($8000.) to be paid to her by my executors hereinafter named within 60 days after my decease The money now in my safety Box in the National Safety Co. Vaults Chicago   Lastly I do nominate and appoint

Monty Burke of Chicag Trustee of this will and John Waughup the Executor of this my last will & testament.

"In testimony whereof I the said Geo. N. Hubbard Have to this my last will & Testament contaned on this sheet of paper subscriby my name and affix my seal this 3d day of Jany 1895.

Witnesseth:                           GEO. N. HUBBARD   [Seal]

    MARY E. MASTERS       [Seal]
    JESSIE MAY JENNINGS    [Seal]

"I further bequeathe to my Sister Fannie M. McMillan the sum of $10-00/100 Ten Dollars in cash the money in my Safety Box in the National Safe Deposit Co. Vaults Chicago, Ills, within 60 days after my decease

"I further Bequeathe to my Beloved Wife Estella Hubbard all money left in my Safety Box in the National Safety Deposit Co. Vaults, Chicago, Ill. After my funeral expenses & Just Debts Witnesseth) are paid Within 60 Days of my decease.

    MARY E. MASTERS       [Seal]   GEO. N. HUBBARD   [Seal]
    JESSIE MAY JENNINGS    [Seal]."

The undisputed evidence is that the will and codicil were drawn by the testator himself while on his death-bed. He was then residing in the State of Michigan on the farm referred to in the will. The will remained in his possession up to the time he drew the codicil, which was executed about three weeks after the execution of the will. Shortly thereafter the instrument was placed in an envelope and sealed by the testator and by him delivered to his wife, appellant, with instructions to take the same at once to Chicago and deliver it to Martin W. Burke as its custodian, which instructions were carried out, and the envelope was never opened until at the meeting held in the office of the person named as executor, for the purpose of reading the will. It is not contended that any one other than the testator made the changes appearing on the face of the will. It appears that the will, at the time of its publication, contained the specific bequest of money to appellant which was afterwards crossed out by ink lines. The circuit court found that this provision was stricken out prior to the

publication of the codicil, and that the will was in the above form at the time the codicil was executed.

HENRY C. NOYES, for appellant.

WING & CHADBOURNE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

There are but two objections urged by appellant to the decree.of the circuit court: First, that the court erred in holding that the provision of the will bequeathing a specific sum of money to the appellant was revoked by drawing ink lines through said provision; second, that the court erred in not construing the codicil to be a revocation of the bequest of $8000 to Margaret Hubbard.

*First*—The circuit court found that the codicil was executed after the bequest of money to appellant had been erased. The evidence was heard in open court, and on this point was conflicting, and the chancellor having seen the witnesses and heard them testify, and having had an opportunity of observing their demeanor while upon the witness stand, is in a better position than we to judge as to the weight that should be given to their testimony and in whose favor it preponderates, and this court will not reverse as to a finding of fact unless the error appears to be clear and palpable. (*Fabrice* v. *Von der Brelie*, 190 Ill. 460.) The publication of the codicil was a republication of the will in the form it was at the time of the execution of the codicil, and proof of the execution of the codicil established the will. *Duncan* v. *Duncan*, 23 Ill. 364; *Fry* v. *Morrison*, 159 id. 244.

*Second*—Appellant insists that a fair construction of the codicil shows that the testator intended thereby to revoke the bequest of $8000 to his mother. In this contention we cannot agree with appellant. Considering the instrument presented for probate as an entirety and construing the will and codicil together, as we must,

(*Fry* v. *Morrison, supra,*) it is clear that no revocation of that provision was intended by the testator. By the first clause the testator disposes of the farm occupied by himself and wife as a homestead; by the second he gives his wife his life insurance; by the third he gives to his mother $8000, to be paid within sixty days after his death, from "the money now in my safety Box in the National Safety Co. Vaults Chicago." By the first clause of the codicil he gives his sister ten dollars, to be paid within the same time and from the same fund as the bequest to his mother, and by the last clause of the codicil he gives "all money left" of the fund in the safety deposit box to his wife, subject to the payment of his funeral expenses and just debts. How the testator could have expressed his intention plainer we do not see. Each of the sections bequeathing money refers to the same fund. It appears that at the time the will was drawn there was $30,000 in the box, all of which had been drawn out by the appellant upon the order of the testator, except $10,-531.40, at the time of his death. The testator knew that after paying the $8000 to his mother and the ten dollars to his sister there would be a balance remaining in the box, the exact amount of which he could not tell. There is no necessity in this case of reversing the relative order of devises or bequests or transposing the different provisions of the will to render them consistent and give effect to each, as might be done to prevent a revocation by implication. (*Dickison* v. *Dickison,* 138 Ill. 541.) The arrangement is logical and orderly, and the intention is clear that what was left in the deposit box after the deduction of the bequests to his mother and sister was what the testator wished the appellant to have. Any other construction is forced, and not within the intention of the testator as expressed by the will.

Finding no error in this record, the judgment of the Appellate Court affirming the decree of the circuit court will be affirmed.            *Judgment affirmed.*