## MANSHIP ET AL. *v.* STEWART ET AL.

[No. 22,414.  Filed March 11, 1914.]

1. WILLS.—*Codicil.—Estoppel to Deny Relation of Codicil to Will and Prior Codicils.—Appeal.*—Where it appears, that following the execution of a will, testator executed eleven codicils, of which the eighth merely stated that it was a codicil to the will and codicils theretofore made, nominated an executor and revoked all other appointments theretofore made, and was found in the same safety box with testator's will and other codicils, and was admitted to probate with them, and no attack was made against it on the trial of the cause, appellees are estopped from asserting on appeal that such codicil has no reference to the will and codicils in contest.  p. 300.

2. WILLS.—*Probate of Codicil.—Prima Facie Validity.*—The probate of a codicil to a will established the *prima facie* validity thereof, and until set aside in a direct action for that purpose, the presumption remains that on the date of its execution the testator was of sound mind and disposing memory.  p. 301.

3. WILLS.—*Codicil.—Republication of Will.*—A codicil executed with the formalities required by statute for the execution of wills operates as a republication of the will in so far as it is not revoked or altered by the codicil, if the intention of the testator is not thereby defeated, and the two are to be regarded as but one instrument speaking from the date of the codicil.  p. 301.

4. WILLS.—*Codicil.—Republication of Previous Codicils.*—By the execution of a codicil to a will having prior codicils, the presumption arises, in the absence of a clear intent to the contrary, that testator meant to ratify and confirm the will as amended by such prior codicils, and such codicils are thereby republished.  p. 302.

5. WILLS.—*Codicil.—Republication of Will.*—The fact that a codicil disposes of no property, but merely nominates an executor, does not affect the rule that a duly executed codicil republishes the will and all prior codicils thereto.  p. 303.

From Hamilton Circuit Court; *Meade Vestal*, Judge.

Action by Irene Stewart and others against Mattie Manship and others, to set aside a will and codicils. From a judgment sustaining the will and setting aside the codicils, the defendants appeal. *Reversed.*

*H. C. Ryan, Joseph A. Roberts, Eli P. Myers* and *Shirts & Fertig,* for appellants.

*Major A. Downing, Kane & Kane* and *H. N. Spaan,* for appellees.

SPENCER, J.—Appellees instituted this action to set aside the will and ten codicils of Madison Brooks, deceased. The cause was submitted to a jury on the issue of the testator's mental capacity when he executed the several instruments in question, and resulted in a verdict for appellants as to the original will and for appellees as to each of the codicils mentioned in the complaint. Appellants' motion for a new trial was overruled and such ruling is challenged by the first assignment of error.

It appears from the evidence that Madison Brooks executed his last will and testament on January 17, 1896. Between that date and May 27, 1909, the day of his

1. death, he added to said will eleven codicils, of which the eighth reads as follows:

"I, Madison Brooks, of Hamilton County, Indiana, make and publish this further codicil to my last will and codicils heretofore executed.

I hereby nominate and appoint my son Augustus Brooks sole executor of my will and codicils aforesaid and revoke all other appointments heretofore made.

In witness whereof I hereunto set my name and cause this instrument to be witnessed this 2d day of April, 1908.                    · Madison Brooks."

This codicil, duly executed, was found after the testator's death in the same safety box with the will and other codicils here involved, and was admitted to probate with them. The wording of the codicil itself and the circumstances surrounding its finding and probate are sufficient to estop appellees from now asserting that it has no reference to the will and

codicils of prior date which are now in suit. 1 Williams, Executors (7th Am. ed.) 248; *Wikoff's Appeal* (1850), 15 Pa. St. 281, 53 Am. Dec. 597; *Harvey* v. *Chouteau* (1851), 14 Mo. 587, 55 Am. Dec. 120; *Burge* v. *Hamilton* (1884), 72 Ga. 568. Appellees, however, failed to set out this codicil in their complaint and, although it was read in evidence as a codicil to the testator's will and as a part of the record testamentary, no attack was made on its validity and there is no finding that it is invalid. In oral argument, counsel for appellees asserted that clerical inadvertence accounts for the failure to attack this codicil in the complaint. Out of these facts arises the principal question before us, which is presented by appellants' contention that the execution of said eighth codicil on April 2, 1908, operated as a confirmation and republication of the will and all previous codicils; that the sanity of the testator on that date has been adjudicated by the probate of said codicil, which probate still stands; that the verdict denouncing all prior codicils, therefore, is not sustained by the evidence. The probate

2. of the eighth codicil established the *prima facie* validity thereof and until it is set aside in a direct action for that purpose, the presumption remains that on the date of its execution the testator was of sound mind and disposing memory. *Sanger* v. *Bacon* (1913), 180 Ind. 322, 101 N. E. 1001; *Burns* v. *Travis* (1888), 117 Ind. 44, 18 N. E. 45.

The general rule, as stated and supported by authority in 40 Cyc. 1216, is that "a codicil executed with the formalities required by statute for the execution of wills

3. operates as a republication of a will, so far as it is not altered or revoked by the codicil, if the intention of the testator is not thereby defeated; and the two are to be regarded as but one instrument, speaking from the date of the codicil." See, also, Rood, Wills §392 *et seq.;* Page, Wills §307; 1 Jarman, Wills (6th ed.) §§198, 200; Schouler, Wills (3d ed.) §450; 1 Williams, Executors (7th Am. ed.) 248, 255. If the will which is thus republished had codicils

added to it, the presumption arises, in the absence
4. of a clear intent to the contrary, that the testator
meant to ratify and confirm the will as amended
by such codicils, and the codicils also are republished.
Schouler, Wills (3d ed.) §450, and cases cited.

The application of these rules is best illustrated by
reference to some of the decided cases. In *Brown* v. *Riggin*
(1880), 94 Ill. 560, it appears that the testatrix executed
a will and three codicils, all of which were duly executed.
In a suit to contest the will and codicils on the ground of
unsoundness of mind, the jury was so instructed as to
require it to find the testatrix capable at the several times
when the instruments in question were executed. This was
held to be error, the court stating, at page 569 of the
opinion, that ''If the jury were satisfied of her capability
at any one time, it should have validated the act then done,
and the preceding acts by that means republished.''

The case of *Stevens* v. *Myers* (1912), 62 Ore. 372, 121
Pac. 434, 126 Pac. 29, is very similar to the case at bar as
will appear from the following quotation from the opinion
therein, at page 397: ''the allegation of the contestant's
complaint is, in substance, that at and for some time prior
to the execution of the will the testator was not of sound
and disposing mind or memory, and that during all of that
time he labored under the delusion which she describes.
No mention is made of the codicil in any manner; yet we
find from the record that six months and more after the
execution of the will the testator makes and publishes the
supplementary testament, which does not disturb the bequest
to his daughter, but only gives directions about how the
portion bequeathed to his son shall be distributed, should
the latter pass away before the death of the testator. It is
not alleged that Myers was in any manner insane or sub-
ject· to any delusion at the execution of the codicil. The
publication of the latter instrument amounts to an affirm-

ance and republication of the testament to which it is a supplement.''

In *O'Neall* v. *Farr* (1814), 1 Rich. (S. C.) 80, 89, it is said: ''Although the will, when executed, might be bad, or the testator might be *non compos mentis,* or under duress or undue influence at its execution, yet, if he was sane and free from duress or undue influence when he executed the codicil, that would be a republication and confirmation of the will, and would free it from the objection to which it was liable at its execution.'' Other instances in which the doctrine of republication by codicil has been applied are to be found in: *Cook* v. *White* (1899), 43 App. Div. 388, 60 N. Y. Supp. 153; *In re Emmons* (1906), 110 App. Div. 701, 96 N. Y. Supp. 506; *Crosbie* v. *Macdoual* (1799), 4 Ves. Jr. (Eng. Ch.) 610; *Brown* v. *Clark* (1879), 77 N. Y. 369; *Hawke* v. *Euyart* (1890), 30 Neb. 149, 46 N. W. 422, 27 Am. St. 391; *Jones* v. *Shewmaker* (1866), 35 Ga. 151; *Harvey* v. *Chouteau, supra; Murray* v. *Oliver* (1849), 41 N. C. 55; *Whiting's Appeal* (1896), 67 Conn. 379, 388, 35 Atl. 268; *Haven* v. *Foster* (1833), 31 Mass. (14 Pick.) 534; *Payne* v. *Payne* (1861), 18 Cal. 291; *Hubbard* v. *Hubbard* (1902), 198 Ill. 621, 64 N. E. 1038; *Van Cortlandt* v. *Kip* (1841), 1 Hill (N. Y.) 590.

We cannot agree with appellees' contention that this doctrine will not extend to a case where the codicil does nothing more than to appoint a new executor. The question does not depend on the purpose of the codicil primarily but on the capacity of the testator and, in a case such as the one at bar, an adjudication that the testator was of sound mind when he executed the codicil is sufficient to republish the will, even though the codicil is directory only and disposes of no property. *Stevens* v. *Myers, supra; Crosbie* v. *Macdoual, supra; Francis* v. *Marsh* (1904), 54 W. Va. 545, 46 S. E. 573, 1 Ann. Cas. 665.

Judgment is reversed, with instructions to sustain appel-

lants' motion for a new trial, with leave to amend the pleadings, if desired, by inserting the eighth codicil, and other proper amendments, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 104 N. E. 505. See, also, under (1) 40 Cyc. 1360; (2) 40 Cyc. 1370; (3, 4) 40 Cyc. 1220; (5) 40 Cyc. 1219. As to codicils, what they are and their construction and effect, see 55 Am. Dec. 126.