OILAR ET AL. *v.* OILAR.

[No. 23,107.   Filed November 19, 1918.   Rehearing denied
March 6, 1919.]

1. WILLS.—*Codicil.—Republication.—Contest.—Burden of Proof.* —In an action to have a will and codicil declared invalid, the contestant has the burden of establishing the invalidity of both instruments, since the codicil, if valid, serves to republish the original will except as modified by the codicil.   p. 127.

2. WILLS.—*Contest.—Testamentary Capacity.—Evidence.—Conflict.*—In an action by a daughter to contest her father's will, which stated that she had been provided for by prior advancement, evidence tending to show that the testator's health failed following an operation and his memory weakened, that it was difficult for him to turn his mind from one subject of conversation to another or to readily grasp matters explained to him, that the relations between the father and the daughter had been friendly, and that certain land deeded to the daughter had been purchased by the testator with money held by him as her guardian, was sufficient, as against objection raised in the Supreme Court, to warrant the jury in inferring that the testator did not understand the provision made for the plaintiff, though only three witnesses gave opinions that the testator was of unsound mind when the will was executed and the facts upon which the opinions were based rendered them of little, if any, probative force, since the court on appeal will not set aside a verdict that is against the preponderance of the evidence, such duty being that of the trial court upon proper presentation of the question.   p. 127.

3. APPEAL.—*Review.—Conflicting Evidence.*—The court on appeal will not weigh conflicting evidence.   p. 128.

4. WILLS.—*Contest.*—*Admission of Evidence.*—*Harmless Error.* —In an action to contest a will upon the grounds of mental incapacity and undue influence of the testator, the admission under the latter issue of the declaration of a defendant legatee that "the will was made to suit her" was harmless error, where there was sufficient evidence to sustain the jury's finding that the testator was of unsound mind.    p. 129.

5. WILLS.—*Contest.*—*Admissibility of Evidence.*—In a will contest, statements alleged to have been made by the testator concerning the provision he intended to make for the plaintiff in his will were properly admitted in evidence to show the testator's mental condition under an instruction limiting them to such purpose.    p. 129.

From Miami Circuit Court; *Charles A. Cole*, Judge.

Action by Nellie Oilar against Elizabeth Oilar and others.    From a judgment for the plaintiff, the defendant appeals.    *Affirmed.*

*R. J. Loveland, D. G. Ridenour, James C. Blacklidge, Conrad Wolf* and *Earl B. Barnes,* for appellant.

*Albert Ward* and *Bell, Kirkpatrick & Voorhis,* for appellee.

SPENCER, J.—Appellee instituted this action to have declared invalid a will and codicil alleged to have been executed by her father, Henry C. Oilar, under which appellants would receive the entire estate of the testator. A general verdict for appellee was upheld by the circuit court in overruling appellants' motion for a new trial, and all of the questions presented for our consideration arise out of the attack on that ruling.    The complaint avers:    (1) That the alleged will of the testator, dated November 25, 1908, and the codicil thereto, dated September 4, 1912, were each procured through the exercise of undue influence; and (2) that on each occasion the testator was of unsound mind, but appellants earnestly contend that no part of such charge was sustained by the evidence introduced at the trial.

A preliminary contention is made that, if the will in

suit is valid, appellee would have no right to contest the codicil which purports only to name a new exe-

1. cutor and to separate into several tracts certain lands which were previously devised to appellants as a common estate. There is no occasion here to dispute this contention, but, as the execution of the codicil, if valid, served to republish the original will except as modified (*Manship* v. *Stewart* [1913], 181 Ind. 299, 301, 104 N. E. 505; *Barnes* v. *Phillips* [1915], 184 Ind. 415, 416, 11 N. E. 419), the burden rested on appellee to establish the invalidity of both instruments before she was entitled to a verdict.

We are required, then, to determine whether the evidence is sufficient to sustain the finding of the jury as to each instrument. Only three witnesses expressed

2. an opinion that Henry Oilar was of unsound mind on November 25, 1908, and appellants earnestly insist that the facts stated by each of said witnesses as a basis for his opinion show clearly that the testator then had mind sufficient to know and understand the business in which he was engaged, the extent of his estate, the persons who would naturally be supposed to be the objects of his bounty, and that he could keep all of these things in mind long enough to form a rational judgment concerning them. Under such circumstances, if conceded to be true, the opinions of the several witnesses possessed little, if any, probative value, but appellants' contention that the verdict of the jury must therefore be set aside rests on the erroneous assumption that the record contains no other evidence of unsoundness of mind on the part of Henry Oilar at the time the alleged will was executed. There is testimony to the affect that after Mr. Oilar underwent a serious operation in the year 1903, his health gradually failed and his memory became weakened and uncertain; that it was difficult for him to turn his mind from one

subject of conversation to another, and that he did not readily grasp matters which were explained to him. The will states that at the time of its execution the testator had already advanced and given to appellee all of the interest in his estate which he desired her to have, but there is other evidence tending to show that certain land which he had previously deeded to appellee was purchased with her money which he had in his possession as guardian, and that she had received her education out of the income from that farm. The personal relations between father and daughter were shown to have been pleasant and, on consideration of the entire record, we cannot say that the jury was unwarranted in drawing the inference that the testator's mental condition at the time the alleged will was executed in 1908 was such that he did not clearly understand what provision had been or was being made for appellee. The evidence is unsatisfactory in many particulars, but it is not without conflict, and in cases of that character the duty rests on the lower court, whenever the question is properly presented and the verdict of the jury is against the preponderance of the evidence, to exercise some moral courage and set such verdict aside, rather than to endeavor to cast the responsibility on this court, which has no such power. *Deal* v. *State* (1895), 140 Ind. 354, 356, 39 N. E. 930; *Christy* v. *Holmes* (1877), 57 Ind. 314, 316.

Much of the evidence tending to show mental incapacity at the time the codicil was executed is of a character similar to that already considered, but it is

3. supplemented by the testimony and opinions of other witnesses who knew the testator during the later years of his life and believed him then to be of unsound mind. On this issue, also, we are required to sustain the verdict of the jury under the familiar rule that an appellate tribunal cannot weigh conflicting evi-

dence. *Pence* v. *Myers* (1913), 180 Ind. 282, 285, 101 N. E. 716.

Our conclusions concerning the evidence on the issue of mental incapacity render it unnecessary to consider in detail the proof which tends to sustain the 4. charge of undue influence, but in this connection appellants contend that the trial court erred in admitting in evidence certain declarations alleged to have been made by appellant Elizabeth Oilar to the effect that "the will was made to suit her." Whatever value, if any, this evidence had as proof, under either of the issues here presented (*Ryman* v. *Crawford* [1882], 86 Ind. 262, 267), in view of the presence in the record of evidence sufficient to sustain the express finding of the jury that the testator was of unsound mind, the admission of the alleged declarations, even if erroneous, would not be reversible error.

Objection is also made to the admission in evidence of certain statements alleged to have been made by Henry Oilar concerning his will and the provi- 5. sion which he intended to make for appellee. These statements were properly received for the purpose of showing the mental condition of the testator (*Lamb* v. *Lamb* [1886], 105 Ind. 456, 459, 5 N. E. 171), and the jury was expressly instructed that they should be considered for no other purpose.

The giving and refusal of several instructions are challenged in appellants' statement of their points and authorities, but the questions thus suggested are not urged in argument, and in nearly every instance the contention of counsel rests on an erroneous assumption as to the facts shown in evidence. There is no occasion to discuss these rulings in detail.

Judgment affirmed.

NOTE.—Reported in 120 N. E. 705. Wills: contest, burden of proof, Ann. Cas. 1914C 535; evidence admissible to establish undue influence, 31 Am. St. 686. See under (1) 40 Cyc 1211; (5) 40 Cyc 1314.