COVERT *v.* BOICOURT, EXECUTOR, ET AL.

[No. 12,962. Filed October 10, 1929. Rehearing denied January 6, 1930. Transfer denied November 24, 1931.]

*Hugh D. Wickens, Charles T. Hanna, Thomas A. Daily, Charles S. Baker* and *Frank N. Richman,* for appellant.

*John H. Parker, George L. Tremain* and *Rollin A. Turner,* for appellees.

NEAL, J.—The appellant, plaintiff below, filed her complaint in the Decatur Circuit Court to contest the last will and testament of Abigail Brown, deceased. The material allegations of the complaint are as follows: That Abigail Brown departed this life on April 11, 1924, a resident of Decatur County and was at the time the owner of real and personal property of the approximate value of $65,000; that the decedent left surviving her,

as her sole and only heir at law, the plaintiff (appellant herein) who is entitled to inherit all of the estate; that, on April 13, 1924, an instrument in writing bearing date of April 30, 1913, purporting to be the last will and testament of the decedent and also an instrument in writing bearing date of April 16, 1914, purporting to be a codicil to the last will and testament, were each admitted to probate in the Decatur Circuit Court; that the pretended will attempted to devise and bequeath all of her estate except her household goods and wearing apparel which were bequeathed to the several persons named in the codicil; that the instruments so admitted to probate were not the last will and testament and codicil thereto of Abigail Brown, deceased, and that the probate thereof should be revoked for the following reasons: That, at the date of the execution of said pretended will, and also at the date of the execution of the pretended codicil thereto, Abigail Brown was of unsound mind and incapable of making a will; that the pretended will, and also the codicil thereto, were each unduly executed. The issues were closed by answers in general denial by the several defendants (appellees herein), except James C. Lowe and the unknown heirs of Louis Brown and Mary Barlow. The cause was tried by a jury, which returned a verdict for defendants, and the court rendered judgment accordingly. The error relied upon for reversal is the action of the trial court in overruling appellant's motion for a new trial. Appellant, on appeal, challenges instructions Nos. 2½, 3, 4, 6, 10, 13 and 20, given by the court on its own motion, and instruction No. 13 given to the jury at the request of the appellees.

Instruction No. 3 reads as follows: "The plaintiff, in her complaint, charges: (1) That at the date of execution of said pretended will and also at the date of the execution of said pretended codicil thereto, said

Abigail Brown was of unsound mind and incapable of making a will; and (2) that said pretended will and also said pretended codicil were each unduly executed. You are instructed that the burden rests upon the plaintiff to establish the truth of its averments by a preponderance of all the evidence given in this cause and if the plaintiff has not so established the fact that said Abigail Brown was of unsound mind, both at the time she executed said will and codicil or that at such times she was acting under undue influence and that said will and codicil thereto were unduly executed, then plaintiff cannot recover and your verdict should be for the defendants."

Appellant says: "Under this instruction, the jury was informed that the plaintiff could not recover and their verdict should be for the defendants, unless the plaintiff should establish by a preponderance of all the evidence that the decedent was of unsound mind both at the time she executed her will and codicil, or that at such time she was acting under undue influence and that said will and codicil were unduly executed."

We must consider the foregoing instruction in the light of the principle of law enunciated in the case of *Manship* v. *Stewart* (1914), 181 Ind. 299, 104 N. E. 505. In the opinion therein, the court quoted from *O'Neall* v. *Farr* (1814), 1 Rich. (S. C.) 80, as follows: " 'Although the will, when executed, might be bad, or the testator might be *non compos mentis,* or under duress or undue influence at its execution, yet, if he was sane and free from duress or undue influence when he executed the codicil, that would be a republication and confirmation of the will, and would free it from the objection to which it was at its execution.' " See *Barnes* v. *Phillips* (1916), 184 Ind. 415, 111 N. E. 419. In this case, if at the time of the attempted execution of the codicil, Abigail Brown was either of unsound

mind or acting under undue influence, there could have been no republication and confirmation of the will which was executed under date of April 30, 1913. If the appellant was able to prove by a preponderance of the evidence that Abigail Brown was of unsound mind at the time of the attempted execution of the codicil, which bore date of April 16, 1914, and had likewise proved that Abigail Brown was unduly influenced at the time of the attempted execution of the will, she would have been entitled to prevail upon the trial, and the same would be true if the appellant had proved by a preponderance of the evidence that Abigail Brown was unduly influenced at the time of attempted execution of the codicil and of unsound mind at the time of the attempted execution of the will. Also, the appellant would have been entitled to have prevailed as to the property attempted to be bequeathed by the terms of the codicil, if she had proved by a preponderance of the evidence that Abigail Brown was either unsound in mind or acting under undue influence at the time of the attempted execution of the codicil, although appellant had failed to prove undue influence or unsoundness of mind at the time of the execution of the will. In the last instance, intestacy would have taken place as to the personal property attempted to have been bequeathed by the terms of the codicil, for the reason that the will in no place bequeathed the personal property designated in the codicil. It would, therefore, necessarily follow that instruction No. 3 was erroneous unless the error was invited. The same criticism in an equal or less degree applies to instructions given by the court and numbered 2½ and 6.

Instruction No. 4, given by the court on its own motion, reads as follows: "If at the time of executing the will and codicil in suit you find from the evidence that the testatrix, Abigail Brown,

was in possession of sufficient strength of mind and memory to enable her to know the extent and value of her property, the number and names of those who were the natural objects of her bounty, their desserts with reference to their conduct toward and treatment of her and to carry these things in mind long enough to have her will prepared and executed, then she was in law of sound mind and her said will and codicil valid." The court, by instruction No. 4, *supra*, has said that if the deceased, Abigail Brown, was able to carry in mind certain things enumerated long enough to have her will prepared and executed, "then she was of sound mind, and her said will and codicil valid." This instruction is erroneous, for the reason that it completely ignores the codicil. It was necessary at the time of the pretended execution of the codicil that the decedent should have been able to carry these things in mind, as well as at the time of the execution of her pretended will. *Barnes* v. *Phillips, supra; Lowder* v. *Lowder* (1877), 58 Ind. 538; *Burkhardt* v. *Gladish* (1890), 123 Ind. 337, 24 N. E. 118.

Appellee tacitly admits the instruction is incorrect, but contends the error was invited by instructions Nos. 13 and 19 tendered by the plaintiff and given by the court. The doctrine of invited error has for its foundation the principle of estoppel. In other words, did the appellant, by the several instructions tendered by her, expressly or impliedly invite the court to commit error? Appellee says that instructions Nos. 8 and 12½ given by the court at the request of appellant invites the error, if any, in instructions Nos. 2½, 3 and 6 given by the court on its own motion, which instructions have been heretofore mentioned and No. 3 discussed. Instruction No. 8, *supra*, reads as follows: "Although the burden is upon plaintiff to show by a preponderance of the evidence that the testator

was under undue influence at the time of the execution of the will and codicil thereto and that said undue influence controlled the disposition of her property, these facts may be proved either by direct or circumstantial evidence, and if you believe from all the facts and circumstances as shown by the evidence that Abigail Brown was unduly influenced in the disposition of her property by said will and codicil, and plaintiff has proved the other material allegations of his complaint, then your verdict should be for the plaintiff."

If the evidence discloses undue influence at the time of the attempted execution of the will and undue influence at the time of the execution of the codicil, the plaintiff was entitled to recover under the allegation of her complaint. A correct instruction on the law of the case cannot possibly invite an incorrect instruction. We call attention to the fact that instruction No. 8, *supra,* in no place attempts to discuss unsoundness of mind, either at the time of the attempted execution of the will or the attempted execution of the codicil. The evidence discloses that four witnesses, including the doctors who testified upon a hypothetical question, testified that Abigail Brown was of unsound mind at the time of the execution of the will, and also three witnesses, including the doctor, testified that Abigail Brown was of unsound mind at the time of the attempted execution of the codicil. We hold that instruction No. 8, *supra,* cannot be held to invite the errors in instructions Nos. 2½, 3 and 6 given by the court on its own motion. Instruction No. 12½ reads as follows: "If a will is procured by undue influence, it is void no matter who exercised the undue influence. If a codicil to a will is procured by undue influence it is void. So I charge you in this case that if you find from the evidence in this case that the pretended will and codicil of Abigail Brown mentioned in the complaint were not the free act and will of Abi-

gail Brown but were the result of undue influence practiced upon her by William T. Boicourt and Mary Lane or either of them, I charge you that said pretended will and codicil are void and of no force and effect." It will be observed that this instruction does not discuss unsoundness of mind. We do not believe the instruction works an estoppel in such a manner as to obviate the errors in instructions Nos. 2½, 3 and 6.

In regard to the error in instruction No. 4, *supra*, appellee says the following language used by appellant in instruction No. 19 invited the error, viz., "If the plaintiff in this cause has proved by a fair preponderance that Abigail Brown had not sufficient mental capacity to execute the will and codicil in suit at the times she signed them, then such will would be invalid in law and you should so find." This instruction is a correct statement of the law under the authorities cited. In order for appellant to prevail on the issue of undue influence as to the will, it was necessary for her to prove undue influence at the time of the attempted execution of the will and also of the codicil. This instruction cannot be held to invite the error in instruction No. 4, *supra*.

We do not believe it necessary to discuss the error, if any, in instructions Nos. 10, 13 and 20, given by the court on its own motion and instruction No. 13, given to the jury by the request of the appellees.

Appellee says "erroneous instructions will not be cause for reversal when the verdict is right upon the evidence." It may be said that the evidence on the question of undue influence was very slight.

It is also true that appellee introduced 23 witnesses who had numerous business transactions with Abigail Brown who testified that, at the time of the execution of the will and codicil in suit, she was a person of sound mind and that her will and codicil were

duly executed. If we should assume that there was no evidence, and to our minds there is none, on the question of undue influence, and that the number of witnesses who testified that Abigail Brown was of sound mind at the time of the execution of the will and also of the codicil, far exceeded appellant's witnesses who gave evidence to the contrary, nevertheless there was competent evidence, which we cannot disregard, to the effect that Abigail Brown was of unsound mind at the time of the execution of the will and also at the time of the execution of the codicil. It necessarily follows that appellant was entitled to recover as to the property attempted to have been bequeathed by the codicil, if she proved by a fair preponderance of the evidence that Abigail Brown was unsound in mind at the time of the attempted execution of the codicil. The court committed error when he instructed the jury that, in order for appellant to recover, it was necessary for her to prove unsoundness of mind "both at the time she executed said will and codicil."

Instructions Nos. 2½, 3 and 6 were each mandatory and each omitted an essential element which was presented by the issues. It has been held that where an instruction directs a verdict on certain facts to be found and an essential element is omitted such omission cannot be supplied by other instructions. *Union Traction Co.* v. *Elmore* (1917), 66 Ind. App. 95, 116 N. E. 837; *American, etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 87 N. E. 1051; *Neely* v. *Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455; *Terre Haute, etc., Traction Co.* v. *Young* (1914), 56 Ind. App. 25, 104 N. E. 780; *Chicago, etc., R. Co.* v. *Glover, Admr.* (1900), 154 Ind. 584, 57 N. E. 244; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 97 N. E. 320; *Rhea* v. *Sawyer*

(1913), 54 Ind. App. 512, 102 N. E. 52; *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 88 N. E. 849.

When a mandatory instruction is given, which instruction entirely omits some essential element of recovery, and which omitted element is a *controverted question of fact,* such error can only be cured by the withdrawal of the instruction so given.

Appellee contends that, inasmuch as the appellant did not set out in her brief a condensed recital of all the evidence, it necessarily follows that she did not comply with the fifth subdivision of Rule 22 of the Supreme and Appellate Courts. Appellant has set out in narrative form a condensed recital showing that there was evidence to sustain the issues, at least as to unsoundness of mind at the time of the execution of the will and also unsoundness of mind at the time of the execution of the codicil. This was sufficient to present the alleged errors in the giving of the instructions duly excepted to by appellant. *Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.* (1909), 173 Ind. 1, 88 N. E. 682.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.