Bowlus v. The State.

Filed Jan. 13, 1892.

---

No. 16,242.

## BOWLUS v. THE STATE.

BILL OF EXCEPTIONS.—*Objections and Exceptions to Evidence.*—The negative evidence afforded by one bill of exceptions that a given objection was not made and a given exception was not taken because not shown by that bill, is overcome by the affirmative evidence of the other that the objection was duly made and excepted to at the time.

CRIMINAL LAW.—*Assault and Battery with Intent to Kill.*—*Plea of Self-Defence.*—*Peaceable Character of Prosecuting Witness.*—*State may Show in Rebuttal.*—On a trial for assault and battery with intent to kill, where the defendant pleaded self-defence, and testified to facts of which he claimed to have personal knowledge tending to show that the prosecuting witness was quarrelsome and vicious, it was not error to permit the State to introduce in rebuttal evidence of the general character of the prosecuting witness for peaceableness.

From the Fountain Circuit Court.

*J. W. Sutton* and *W. L. Rabourn,* for appellant.

*A. G. Smith,* Attorney General, for the State.

McBRIDE, J.—The appellant was convicted of an assault and battery with intent to kill.

On the trial he testified as a witness that prior to the commission of the alleged offence he was informed by some of his neighbors that the prosecuting witness had threatened to shoot him.

He was then asked the following question: " Now, I'll ask you to state if you know of his making any attacks with any knives or weapons on any one else?" The court permitted him, over the objection of the State, to answer the question, and he answered it, " Yes, sir." He then, in answer to questions propounded by his attorneys, testified to an occasion when the prosecuting witness had some trouble with another person, while both were engaged in a corn field cutting corn, when the prosecuting witness threatened to cut the other person with his corn knife, and that he, the defendant, separated them. Also of another occasion when the prosecuting witness sharpened his knife in anticipation of trouble, and that he took him away.

In rebuttal the State was allowed to call and examine witnesses as to the reputation of the prosecuting witness in the neighborhood where he resided for " peace and quietude." To this evidence the appellant objected and excepted.

The only alleged error argued by counsel for the appellant relates to this action of the court.

It is objected by the State that the question is not properly presented, for the reason that there are two bills of exceptions,—one purporting to contain all of the evidence, and the other partial; and that in that purporting to contain all of the evidence the objections to this testimony, made in the circuit court, were not sufficient to present any question. This is true, but the objections and exceptions are sufficiently shown by the other bill, and we are obliged to consider both bills of exceptions together. Both were filed within the time limited by the court, and both bear the approval and attestation of the presiding judge. The negative evidence

afforded by one bill of exceptions that a given objection was not made and a given exception was not taken because not shown by that bill, is overcome by the affirmative evidence of the other that the objection was duly made and excepted to at the time. *Pitzer* v. *Indianapolis, etc., R. W. Co.*, 80 Ind. 569.

The accused defended on the ground that he was acting in self-defence, and testified to an attack on him by the prosecuting witness, and that what he did was merely in repelling such attack.

The evidence of previous threats, made by the prosecuting witness, and communicated to the accused prior to the commission of the alleged offence, was competent in view of the defence made. Indeed, evidence of this character is held competent where the alleged threats were unknown to the accused; but, as bearing on the question of self-defence, where they have been previously communicated to the accused, they are clearly competent as tending to show what was in his mind at the time, and to justify his conduct. *Holler* v. *State*, 37 Ind. 57; *Wood* v. *State*, 92 Ind. 269; *Leverich* v. *State*, 105 Ind. 277. And, in connection with such threats, it is competent for the defence to show in such case the general reputation of the injured party for strength, ferocity, vindictiveness, quarrelsomeness, etc. Wharton Crim. Ev., section 74; *Holler* v. *State, supra; Dukes* v. *State*, 11 Ind. 557; *Horbach* v. *State*, 43 Texas, 242; 1 Wharton Crim. Law, section 641.

One exercising the right of self-defence must necessarily act in view of the danger as it presents itself to his mind at the time; and, as tending to explain such action, it is competent for the defence not only to show previous threats against him by the injured party, and his general reputation for quarrelsomeness, strength, ferocity, etc., but he may put in evidence every fact legitimately tending to show that he had reasonable ground to apprehend serious danger to himself. We see no reason why he should, in such case, be limited to

Bowlus v. The State.

showing the general reputation of the injured party. While his knowledge of such general reputation is of course competent, why may he not also avail himself of his personal knowledge? If he personally knows the party attacking him to be quarrelsome, vindictive, revengeful, of great physical strength, etc., why is he not authorized to act upon such personal knowledge? If so, it is, of course, competent for him to prove such specific facts as were within his personal knowledge when the attack was made. We understand this to be the rule as laid down in *Fahnestock* v. *State*, 23 Ind. 231, and *Boyle* v. *State*, 97 Ind. 322.

The court, therefore, in permitting the accused to testify to facts of which he claimed to have personal knowledge tending to show that the prosecuting witness was quarrelsome, or vicious, or revengeful, did not err. This was, in our opinion, sufficient to authorize the State to introduce in rebuttal evidence of the general character of the prosecuting witness for peaceableness, or, as stated in the questions put to the witnesses, " peace and quietude."

The rule in such cases is thus stated by Mr. Bishop : " It is never competent for the prosecution to show, in the first instance, against the defendant, that the person slain was of good or peaceable character. But such evidence may be given in rebuttal, if the opposite has been testified to for the defence." 2 Bishop Crim. Law (3d ed.), section 612. See, also, *Pound* v. *State*, 43 Ga. 88 ; *State* v. *Potter*, 13 Kan. 414 ; *Dock* v. *Commonwealth*, 21 Grat. 909 ; *Ben* v. *State*, 37 Ala. 103.

There is no error in the record.

Judgment affirmed.

Filed Nov. 3, 1891; petition for a rehearing overruled Jan. 29, 1892.