Fields v. The State.

Filed March 28, 1893.

---

No. 16,188.

## FIELDS v. THE STATE.

CRIMINAL LAW.—*Murder.*—*Instructions to Jury.*—*Certainty.*—*Reasonable Doubt.*—*Unwarranted Inference.*—Where, in a criminal action for murder in the first degree, the court, among other things, instructed the jury that "unless the evidence given in the cause satisfies you, beyond a reasonable doubt, that on or about the 7th day of April, 1890, at this county, the defendant did cut and stab said Silas Bell, thereby causing his death, as charged in the indictment, you will find the defendant not guilty," the instruction contains a correct statement of the law, and, considering the instructions as a whole, the instruction can not be misleading as warranting an inference that if it was proved beyond a reasonable doubt that the defendant did cut and stab Bell, thereby causing his death, he was guilty.

SAME.—*Instructions to Jury.*—*Affirmatives and Negatives Pregnant.*—*Rule as to in Instructions.*—The statement of a proposition of law in an instruction to a jury in the form of an *affirmative or negative pregnant* is subject to all the objections as a rule of pleading, and is likely to be much more misleading and harmful.

SAME.—*Instructions to Jury.*—*Affirmatives Pregnant.*—Where, in a criminal action for murder, the court instructed the jury, among other things, that "if there is any reasonable hypothesis consistent with the innocence of the defendant, which does not contradict any credible evidence given in the cause, you must acquit," and

Fields *v*. The State.

further stated: "But if the defendant, being without fault, then honestly believed himself to be in imminent danger of great bodily harm, and *could think of no less dangerous means of preventing such harm* than the use of his knife, he would be justified in making such use of it as then appeared to him to be necessary," such instructions are subject to the objection of being *affirmatives pregnant*, and must be deemed to have influenced the jury to the prejudice of the defendant, and, therefore, are erroneous.

SAME.—*Instructions to Jury.—Self-Defence.—Homicide.*—Where, in such case, the defendant prepared and asked the court to give the following instructions, which are, in substance: (1) Where a person, without fault, is violently assaulted in a place where he has a right to be, he may, without retreating, repel force by force, and if, in the reasonable exercise of self-defence, he kills his assailant, he is justifiable; (2) if the defendant went to Asher's house to administer to his wants as an invalid, having no ill will or quarrel with Bell, the deceased, and said Bell requested defendant to go out of the house with him, which he did, and then said Bell threatened to assault, and did assault and beat the defendant, without cause, and if the defendant, at the time, believed and had reason to believe that said Bell was about to, and would, do him great bodily harm, and in the reasonable defence of his person he inflicted wounds upon said Bell, of which he died, then defendant is not guilty, and should be acquitted; these instructions state the law correctly, and it was error for the court to refuse to give them.

From the Elkhart Circuit Court.

*J. D. Osborne, D. Zook* and *A. E. Dausman,* for appellant.

*J. T. Sullivan, E. E. Mummert, F. E. Baker* and *C. W. Miller,* for the State.

MILLER, C. J.—The appellant was indicted for murder in the first degree, and was tried and convicted of murder in the second degree. The accused, on the witness-stand, admitted the killing, but claimed that the deed was done in self-defence.

The court gave to the jury the following instructions:

"1. *Unless the evidence given in this cause satisfies you beyond a reasonable doubt that, on or about the 7th day of April, 1890, at this county, the defendant did cut and stab*

*Silas Bell, thereby causing his death, as charged in the in-dictment, you will find the defendant not guilty.* Section 1824 of the statute reads thus: 'A defendant is presumed to be innocent until the contrary is proved. When there is a reasonable doubt whether his guilt be satisfactorily shown, he must be acquitted. When there is a reasonable doubt in which of two or more degrees of an offence he is guilty, he must be convicted of the lowest degree only.' In applying this section you will start out with the presumption that the defendant is entirely innocent, and *unless the evidence given in the cause satisfies you, beyond a reasonable doubt, that the defendant gave the fatal thrust, as charged in the indictment, he must be found not guilty.* But if you are thus satisfied that he gave the fatal thrust, as charged in the indictment, then if there remains a reasonable doubt as to whether he gave it with premeditated malice, he can not be found guilty of murder in the first degree; and if there remains a reasonable doubt as to whether or not he gave the fatal thrust, as charged in the indictment, purposely and maliciously, but without premeditation, he can not be found guilty of murder in the second degree; and if there remains a reasonable doubt as to whether he gave the fatal thrust, as charged in the indictment, unlawfully, he can not be found guilty of manslaughter, and must be acquitted. In order to remove all reasonable doubt as to the truth of the matters and things heretofore mentioned, the evidence tending to prove the same must so overcome all opposing evidence, and all inferences that may reasonably be drawn from any want of evidence, that a prudent man might, without distrust, voluntarily act upon the truthfulness of such matter or thing in matters of the highest import to himself. *If there is any reasonable hypothesis consistent with the innocence of the defendant, which does not contra-dict any credible evidence given in the cause, you must ac-*

*quit.* If any one juror has a reasonable doubt on any material point, you can not convict, but may disagree.

"2. *If the defendant did not seek a fight with said Bell, and walked away; and if said Bell followed him up and caught hold of him and began to strike him with his fist, those facts alone would not justify the defendant in using his knife; but if the defendant, being without fault, as just supposed, then honestly believed himself to be in imminent danger of great bodily harm, and could think of no other less dangerous means of preventing such great bodily harm than the use of his knife, he would be justified in making such use of it as then appeared to him to be necessary. On this point you must be very careful; the right of Mr. Bell to life was just as sacred as the right of the defendant to self-defense.*

"In order to determine whether or not the defendant honestly believed that it was necessary to use his knife, as he did, to prevent great bodily harm to himself, if you find he did use it, you ought to consider the relative size and strength of the two men, their character and dispositions, and the efforts, if any, made by the defendant to free himself from said Bell. If the defendant, during the fight, made no outcry or request for Bell to desist, nor warned him at any time that he would use his knife unless he did desist; or if the defendant at any previous time, used language showing malice or ill will towards said Bell, you may take such matters into consideration in determining his good faith in using his knife as he did. If from all the evidence given in the cause, or from any want of evidence, you have a reasonable doubt as to whether or not the defendant did then honestly believe himself to be in imminent danger of great bodily harm, and *could think of no other less dangerous means of preventing such great bodily harm than the use of his knife* as he did, he being without fault, as above supposed, you

must acquit. In other words, the defence of self-defense does not need to be made out by a preponderance of the evidence, it is sufficient if a reasonable doubt be raised.

"3. If the defendant dared or challenged said Bell to fight, in order that he might have an opportunity to kill him, or to do him great bodily harm with his knife; and if, during the fight, without warning to said Bell, and without believing himself to be in imminent danger of great bodily harm, in pursuance of his original intention, gave said Bell the thrust with his knife which caused his death, as charged in the indictment, he is guilty of murder in the first degree; and, if the defendant dared or challenged said Bell to fight, and if said Bell accepted said challenge, and entered into said fight with his fists only, it was the duty of the defendant, if he desired to stop the fight, to warn said Bell of that fact, and request him to desist; but if, instead of so doing, he purposely and maliciously gave said Bell the thrust with his knife which caused his death, as charged in the indictment, he is guilty of murder in the second degree; and if, under the same circumstances, the defendant, in the heat of the fight, but without malice, gave said Bell the thrust with his knife which caused his death, as charged in the indictment, he is guilty of manslaughter.

"4. You are the exclusive judges of all questions of fact, of the credibility of the witnesses, and of the leaning and weight of the evidence; and on none of these matters do I express my opinion. You have also the right to determine the law contrary to my opinions herein expressed.

"5. If you find the defendant guilty of murder in the first degree, you will fix his punishment at death or imprisonment in the state prison during life, in your discretion. If you find him guilty of murder in the second degree, you will fix his punishment at imprisonment in

the state prison during life. If you find him guilty of manslaughter, you will fix his punishment in the state prison not more than twenty-one years nor less than two years. If you find him not guilty, you will simply say so. Forms of verdict for murder in both degrees, for manslaughter, and not guilty, will be furnished you. When you have all agreed, fill up the blank according to the fact, if it needs filling; let the same be signed by your foreman, selected by you, and return it in open court.''

The giving of the first, second and third of these instructions were made causes for which a new trial was asked, the overruling of which motion has been assigned as error here. Italics indicate the portions of these instructions of which complaint is made.

The appellant insists that when the court told the jury that ''unless the evidence given in this cause satisfies you, beyond a reasonable doubt, that on or about the 7th day of April, 1890, at this county, the defendant did cut and stab Silas Bell, thereby causing his death, as charged in the indictment, you will find the defendant not guilty,'' they were likely to draw the inference that if it was proved beyond a reasonable doubt that the defendant did cut and stab Bell, thereby causing his death, he was guilty.

While we can not commend the form in which the proposition is stated, we are satisfied that the instruction does not contain a misstatement of the law. The court did not tell the jury that if they believed that the defendant did cut and stab Bell, thereby causing his death, they should find him guilty. Construing, as we must, the instructions as an entirety, and remembering that the defendant admitted the cutting, satisfies us that the jury could not have been misled by the form in which the proposition of law was stated.

The statement that "unless the evidence given in the cause satisfies you beyond a resonable doubt that the defendant gave the fatal thrust, as charged in the indictment, he must be found not guilty," is justly subject to criticism, followed as it was by the statement that if they were thus satisfied that he gave the fatal thrust, if there remained a reasonable doubt as to whether he gave it with premeditated malice he could not be found guilty of murder in the first degree.

The other portions of the instructions to which objections are made upon substantially the same grounds, are as follows:

"If there is any reasonable hypothesis consistent with the innocence of the defendant, *which does not* contradict any credible evidence given in the cause, you must acquit."

And upon the subject of self-defense the court told the jury:

"But if the defendant, being without fault, then honestly believed himself to be in imminent danger of great bodily harm, *and could think of no other less* dangerous means of preventing such harm than the use of his knife, he would be justified in making such use of it as then appeared to him to be necessary."

This statement was followed by a caution in these words:

"On this point you must *be very careful*—the right of Mr. Bell to life is just as sacred as the right of the defendant to self-defense."

The defendant was entitled to a plain, accurate, and unquestioned statement of the law from the court. *Bradley* v. *State*, 31 Ind. 492 (504).

In *Tilley* v. *State*, 24 Tex. App. 251 (272), the court said: "The law of self-defense, when invoked by the proof, should be given to the jury plainly, directly, con-

Fields *v.* The State.

nectedly and affirmatively, and in such manner as to show its applicability to the facts in evidence.  *  *  * Defendant's guilt or innocence hinged solely upon self-defense, and it was all important to him and to justice that the law in relation to that issue should be fully and clearly explained to the jury."

We are satisfied that the law applicable to the case, and to the defense interposed, was not plainly and affirmatively stated to the jury. Many important propositions of law are stated in a negative rather than an affirmative form.

A more serious objection to the portions of the charge above referred to, is that they are ambiguous, and such as are denounced in works on pleading as *negatives pregnant,* or *affirmatives pregnant.*

In Stephen on Pleading, 380, it is said:  "A negative pregnant is such a form of negative expression as may imply, or carry with it, an affirmative."

The objections to such statements are quaintly expressed by Lord HOBART in *State* v. *Drake,* Hol. 295, as follows:  "Therefore the law refuseth double pleading, and negative pregnant, though they be true, because they do inveigle, and not settle the judgment on one point."

In Gould on Pleading (5th ed.), 295, they are spoken of as "Involving or admitting of an affirmative implication, or, at least, an implication of some kind, favorable to the adverse party;" and "An affirmative pregnant is an allegation implying some negative in favor of the adverse party."  See, also, *Jones* v. *Jones,* 16 M. & W. 699; *Ex parte Wall,* 107 U. S. 265.

The law relating to affirmatives and negatives pregnant, so far as we are aware, has been confined to the rules of pleading in civil actions, and has no place in criminal law; but a proposition of law in an instruction to a jury stated in the form of an affirmative pregnant is

subject to all the objections against it as a rule of plead-
ing, and is likely to be much more misleading and
harmful.

The jury may have understood the court as instructing
them that they could only acquit the defendant, if the
reasonable hypothesis consistent with his innocence, did
not contradict any credible evidence given in the cause.

The court did not so instruct them, but an inference
to that effect was implied.

Again, they may have understood the court that in
addition to being without fault, and in the honest belief
that he was in imminent danger, it was necessary, before
he would have the right to use his knife in self-defense,
for him to think and determine that there was no other
less dangerous means of defending himself.

In order to justify a homicide on the ground that it
was committed in self-defense, it must appear that the
defendant was acting under a reasonable belief that he
was in imminent danger of death or great bodily harm
from the deceased, and that it was necessary for him to
strike the fatal blow in order to avoid the death or great
bodily harm which was apparently imminent. This im-
plies to some extent the exercise of thought in arriving
at the conclusion that it was necessary, for his own
safety, to strike the fatal blow. The instruction under
consideration gives too much prominence to the necessity
of deliberation.

The circumstances under which an assailed person is
called upon to make his defense against a deadly assault
are often quite unfavorable to mature deliberation. To
deny the right to act promptly and decisively would be,
in such instances, to deny the right of self-defense.

The statement and repetition by the court, in its in-
structions, of the phrase ''and could think of no other less
dangerous manner of preventing such harm,'' in a form

which carried with it the implication that if he could, or should, have thought of some other less dangerous means of preventing such harm, was well calculated to influence the jury to the prejudice of the defendant.

Hearing the instructions read by the court without having an opportunity of examining and considering them in detail, the impression of the charge, as a whole, must have been most unfavorable to the defense.

The defendant had prepared and tendered to the court, among others, the following instructions:

"1st. When a person, being without fault, and in a place where he has a right to be, is violently assaulted, he may, without retreating, repel force by force, and if in the reasonable exercise of his right of self-defense his assailant is killed, he is justifiable.

"2d. If the defendant went to the house of Asher Lockwood for the purpose of ministering to his wants as an invalid, and having no ill will or quarrel with Silas Bell, and said Bell requested the defendant to go out of the house with him, and they went out together at Bell's request, and when out said Bell threatened to assault and beat the defendant, and without cause did assault and strike the defendant violently and in anger, and if the defendant at the time believed, and had reason to believe, that said Bell was about to, and would, do him great bodily harm, then the defendant had a right to defend himself with his pocketknife, if necessary; and, if in the reasonable defense of his own person, the defendant inflicted wounds upon the said Bell, of which he died, then the defendant is not guilty, and he should be acquitted upon the ground of self-defense."

These instructions are in accordance with the law of this state, and are supported by the following, among other, cases: *Miller* v. *State*, 74 Ind. 1; *Wall* v. *State*, 51 Ind. 453; *Runyan* v. *State*, 57 Ind. 80; *West* v. *State*,

59 Ind. 113; *Presser* v. *State*, 77 Ind. 274; *Batten* v. *State*, 80 Ind. 394; *McDermott* v. *State*, 89 Ind. 187; *Story* v. *State*, 99 Ind. 413; *Bryant* v. *State*, 106 Ind. 549.

We are of the opinion that the court erred in refusing to give these instructions to the jury.

The defendant testified that the deceased assaulted him, and that he apprehended great injury to life or limb from the assault. On rebuttal, the court permitted the state to prove that the deceased was a peaceable, quiet man. This was not erroneous. *Bowlus* v. *State*, 130 Ind. 227.

Some other rulings of the court have been saved in the record and assigned as error, but as they are not such as are likely to arise upon another trial, we will not incumber the record by their discussion.

The judgment of the court is reversed, with instructions to grant the defendant a new trial.

McBride, J., took no part in the decision of this case.

Filed Nov. 29, 1892.