STATE OF NORTH DAKOTA v. ROLAND MAGILL.

Opinion filed June 12, 1909.

**Criminal Law — Evidence — Impeachment — Reputation**

1. In cases where evidence of the good character or reputation of a person is admissible, the evidence must be as to his general reputation in the community in which he resides, and before a witness is competent to testify thereto, he must disclose a knowledge of the person's general reputation, and should not be permitted to give his own opinion as to it.

**Same — Assault and Battery.**

2. Under the evidence in this case, evidence of the good character or reputation of the complaining witness is inadmissible.

**Same — Instruction — Words and Phrases — "Battery."**

3. An instruction that a battery is any unlawful or willful use or force or violence upon the person of another is incorrect, as the force or violence used must be both willful and unlawful.

Appeal from District Court, Ransom county; *Allen, J.*

Roland Magill was convicted of assault and battery and appeals. Reversed.

*W. D. Lynch* (*C. W. Davis,* of counsel), for appellant.

*T. A. Curtis* and *Andrew Miller,* Attorney General (*Rourke & Kvello,* of counsel), for the State.

CARMODY, J. On the 3d day of December, 1907, the defendant was informed against by Alfred M. Kvello, state's attorney of Ransom county, for the crime of assault and battery with a dangerous weapon, upon the person of one Claude Bearfield. The jury returned a verdict finding the defendant guilty of assault and battery. Judgment was entered on the verdict, and this appeal taken therefrom.

The defendant claimed whatever he did was in self-defense, and that Bearfield was the aggressor. Error is assigned upon the admission of testimony offered by the state as to the reputation of

Claude Bearfield. J. F. Martin testified as follows: "I live north of town here about six miles. I am acquainted with Mr. Bearfield. I have known him since about 1898 or '99, I guess. I am a farmer, and have been farming all that time. Bearfield worked for me about three years, several times, you know, since I got acquainted with him. He stayed at my house. I am a married man, and have a family. He was a member of my family during that time. From my knowledge of Mr. Bearfield, I know what his reputation for being a peaceful man is; he is a peaceful man. I never had any trouble with him on the farm; never knew of him having trouble or a fight with anybody. I think he is kind and peaceful as I say. I never heard him say a word out of the way, only be kind. I don't know anything at all about his badness of any kind; never saw him use intoxicants of any kind." On cross-examination by defendant's attorney he testified as follows: "I have heard nothing about his quarrelling with others. My folks made remarks lots of times how good he was. What I know about him and what I am testifying is from my own personal knowledge and observation. I am not pretending to testify about his general reputation in the community." A motion was then made to strike out the testimony of this witness as to reputation, both as a peaceful citizen and for truth and veracity, upon the ground that the testimony now given is not from his knowledge of the general reputation of the witness, but from his individual experience and opinion of the witness Bearfield, therefore not admissible. No ruling was made, and an exception was taken by defendant. In our opinion the testimony should have been stricken out. Even if in this case the state might properly introduce proof as to the general reputation or character of the complaining witness, nevertheless, the proof offered was not competent for the reason that it was not as to the general reputation. The witness did not pretend to know or testify to his general reputation. The rule of the cases is stated in 5 Am. & Eng. Enc. Law (2d Ed.) 879, 880, as follows: "Character must be proved by witnesses who know the general reputation of the person in question; and before evidence as to character is admissible, this knowledge must appear. * * * A witness as to character should not be allowed to speak as to his own knowledge of the acts and transactions from which the character or reputation of the person whose character is being investigated has been derived, but he must speak from his

own knowledge of what is generally said of such person by those among whom he resides, and with whom he is chiefly conversant. The mere individual opinion of the witness as to character which is the subject of inquiry is not admissible." State v. Thoemke, 11 N. D. 387, 92 N. W. 480. In the case at bar, however, evidence of the reputation of the prosecuting witness for truth and veracity and peacefulness was inadmissible. Before such evidence is admissible, the defendant must first attack the character of the prosecuting witness. It is never competent for the prosecution to show, in the first instance, against the defendant, that the person assaulted was of good or peaceable character. 2 Bishop on Criminal Law (3d Ed.) section 612, and cases there cited; Bowlus v. State, 130 Ind. 227, 28 N. E. 1115; Pound v. State, 43 Ga. 88; State v. Potter 13 Kan. 414; Ben v. State, 37 Ala. 103.

Several errors are assigned to the charge of the court, only one of which we shall notice, which is as follows: "A battery is any unlawful or willful use of force or violence upon the person of another." Battery is defined by our Code to be any willful and unlawful use of force or violence upon the person of another. The error urged in this instruction is the use of the disjunctive "or" instead of the conjunctive "and" between the words "unlawful" and "willful." This instruction was, we think, erroneous. The assault and battery, to constitute the crime, must be both willful and unlawful, not either willful or unlawful. Alston v. State, 109 Ala. 51, 20 South. 81. In that case the court said: "An instruction that 'the least touching of another person, willfully or in anger, is a battery' is vitiated by the disjunctive 'or,' since touching one willfully is not sufficient to constitute a battery." The charge to the jury must include every element of the offense. If not defined in the language of the statute, the other language used must set forth the essential constituents of the offense to which the charge relates. 12 Cyc. 612; State v. Goldsberry, 66 Neb. 312, 92 N. W. 906; State v. Lindley, 8 Tex. App. 445.

On account of the errors hereinbefore stated, the judgment is reversed, the verdict of the jury set aside, and a new trial awarded the defendant. All concur, except MORGAN, C. J., not participating.