IN RE PATTON'S WILL.
EX PARTE PATRICK.

[No. 18,089. Filed December 7, 1950. Rehearing denied February 1, 1951. Transfer denied May 16, 1951.]

*Dix, Dix & Patrick,* of Terre Haute, for appellant.

WILTROUT, C. J.—This is an action *ex parte* by the appellant, as proponent of an instrument purporting to be the will of William O. Patton, deceased, to have the instrument admitted to probate. Probate was denied, and this appeal follows.

The court made the following finding and judgment:

"The proponent, Cecil S. Patrick, having heretofore offered for Probate a certain instrument

(Proponent's Exhibit A) in writing executed on the 21st day of February, 1924, and purporting to be the Will of William O. Pattton, deceased, of Vigo County, Indiana, and the Court having heard the evidence and being fully advised in the premises, now finds and determines that on February 21, 1924, said William O. Patton duly executed the instrument (Proponent's Exhibit A) purporting to be his will, same being in his own handwriting, and on such date signed said instrument as his will and testament in the presence of William A. Elliott and C. H. Ehrmann as attesting witnesses, who signed said instrument as such attesting witnesses in the presence of William O. Patton and in the presence of each other; the Court further finds that at the time of executing said instrument (Proponent's Exhibit A) said William O. Patton was competent to devise his property and was not under coercion; that said instrument (Proponent's Exhibit A) purporting to be the will of said William O. Patton, deceased, was revoked and by reason of such revocation is not entitled to probate.

"It Is Therefore Ordered, adjudged and decreed that probate of said instrument (Proponent's Exhibit A) as the will of William O. Patton, deceased, be denied at proponent's costs."

The instrument offered for probate is entirely in the handwriting of decedent with the exception of the signatures of the attesting witnesses, and follows a form commonly used in the drafting of wills. The writing covers the front and back of a single sheet of paper. Parts are torn from the instrument in two places.

The opening sentence of the will now reads:

"I. William O. (                ) dianapolis State of Indiana declare this to be my last will and testament."

Part of what apparently is a devise of real estate is missing. On the reverse side Item 12 reads:

"In Witness Whereof I. William O. Patton have here unto set my hand and seal this 21st day of October in the year of our lord nineteen hundred and twenty-four (1924)

(                )

The place where a testator's signature usually appears is torn from the instrument. A portion is torn out following the attestation clause, and there are lines across the signatures of the attesting witnesses.

The offered will bears three notes in the margin, one in ink, "New Will 1944" and two in pencil, "Void a New Will" and "New Will/1944." These notes are in the handwriting of decedent.

Following decedent's death two of his nieces went to the apartment where he had lived alone, for the purpose of ascertaining the situation of his personal affairs. No instrument purporting to be the will of decedent was found other than the offered instrument.

Appellant first says that where the revocation of a will is only indicated as a possibility or probability, it is only a potential issue of fact to be determined in an adversary proceeding, if raised, and that it was not within the province of the court to deny probate on the ground that the will was revoked.

The *ex parte* probate of a will ascertains the *prima facie* validity of a will and that the instrument is seemingly the last will and testament of the decedent. *Burns, Executor, et al.* v. *Travis et al.* (1889), 117 Ind. 44, 18 N. E. 45; *Manship* v. *Stewart* (1914), 181 Ind. 299, 104 N. E. 505. In order that the court may so ascertain, there should therefore be a *prima facie* showing that the instrument is the last will and testament of the decedent.

The instrument in this case was mutilated, and if such mutilation was done by the testator or some other

person in his presence and by his direction, with intent to revoke, then a revocation was effected.

2 R. S. 1852, ch. 11, § 19, p. 308; Burns' 1933, § 7-301; *Tinsley* v. *Carwile* (1937), 212 Ind. 675, 10 N. E. 2d 597; *Woodfill et al.* v. *Patton et al.* (1881), 76 Ind. 575.

Where the testator retains possession or control of his will, and at or after his death it is not found, or is found thereafter among his effects in a mutilated or defaced condition, an inference arises that he destroyed or mutilated it for the purpose of revoking it. *McDonald et al.* v. *McDonald et al.* (1895), 142 Ind. 55, 82, 41 N. E. 336; 57 Am. Jur., Wills, § 550, p. 378; 68 C. J., Wills, § 758, p. 990. The court may also consider the marginal annotations made by decedent as bearing upon his intent. 57 Am. Jur., § 563, p. 385.

Appellant argues that the reasonable inference to be drawn from the marginal notes is that decedent intended a revocation conditioned upon a new and efficacious will, which condition was not fulfilled.

Appellant urges that if a testator mutilates his will with the present intention of making a new one immediately and as a substitute, and the new will is not made, then such revocation would not be effective, under the doctrine of dependent relative revocation. This doctrine has not, insofar as we are informed, ever been passed upon by this or the Supreme Court. In our opinion, however, the inference urged by the appellant does not reasonably arise from the words written in the margin of the will.

The will was not shown to be *prima facie* the last will and testament of the decedent and the court did not err in denying probate.

Affirmed.

NOTE.—Reported in 95 N. E. 2d 311.

## ON PETITION FOR REHEARING

WILTROUT, C. J.—Appellant insists that we erroneously assumed that there was evidence that the will was found among decedent's effects.

Appellant says: "The record discloses that on a search of decedent's residence, no instrument purporting to be a Will of the decedent, other than Proponent's Exhibit 'A', was discovered. The Appellate Court has inferred from this purely negative statement that Proponent's Exhibit 'A' *was* discovered there." and "Upon this inference, the Appellate Court predicates a second inference . . . that decedent effected such mutilation and that he intended thereby to revoke such will."

Appellant argues that an inference may not be based upon another inference.

It is true that the evidence as to the finding of the will is stated negatively, but it is a negative pregnant. It is such a form of negative expression as may imply, or carry with it, an affirmative. *Fields* v. *The State* (1892), 134 Ind. 46, 32 N. E. 780.

In *Orey* v. *Mutual Life Insurance Co. of N. Y.* (1939), 215 Ind. 305, 19 N. E. 2d 547, it was also contended that an inference cannot be built upon another inference. The Court stated: "It has often been said that there is a rule of law to that effect, but the statements are so interspersed with recognition of exceptions that we must conclude with Professor Wigmore that: 'There is no such rule; nor can be.'"

Petition for rehearing denied.

NOTE.—Reported in 96 N. E. 2d 353.