In the Matter of the ESTATE OF Mattie Lue BOROM, a/k/a Mattie Lue Harden, Deceased.

**Georgia GEE, Appellant (Administratrix, Protestant)**

v.

**Ralph W. STEPHENS, Appellee.**

No. 45A03–9001–CV–00039.

Court of Appeals of Indiana, Third District.

Nov. 21, 1990.

Robert D. Rucker, East Chicago, for appellant.

Nathaniel Ruff, Lesniak & Ruff, East Chicago, for appellee.

STATON, Judge.

Georgia Gee appeals an adverse judgment, presenting us with the sole issue of whether the trial court erred in probating a photocopy of the decedent's will.

We reverse.

Mattie Lue Borom died on October 3, 1987. The original copy of her will, executed on August 24, 1983 and kept in a safe deposit box at the Indiana Harbor branch of the First National Bank of East Chicago, could not be located after her death. On November 7, 1987 Borom's niece, Georgia Gee, filed a Petition for Issuance of Letters of Administration and was thereafter appointed administratrix of the estate. Ralph Stephens, Borom's nephew and the beneficiary of the 1983 will, offered a photocopy of the will for probate. Gee objected to the petition to probate the photocopy of the will, alleging that the will was not lost as alleged by Stephens in his petition, but was destroyed.

A bench trial was held, after which the trial court entered findings, conclusions and a judgment ordering that the photocopy of the will be admitted to probate. Gee appeals from the entry of this order.

■ Gee appeals from a negative judgment, and therefore the judgment of the trial court will only be reversed if it is contrary to law. *Hollars v. Randall* (1990), Ind.App., 554 N.E.2d 1177, 1178. We will set aside the judgment of the trial

court only if the evidence is without conflict and leads only to one result, which is opposite to that reached by the trial court. *Id.* In light of Gee's challenge of the court's factual findings, we also note that we will not address the sufficiency of the evidence when reviewing a negative judgment. *Indiana–Kentucky Electric Corp. v. Green* (1985), Ind.App., 476 N.E.2d 141, 143–144, *transfer denied.* Therefore, to the extent that Gee is asking us to review the sufficiency of the evidence supporting the admission of the will for probate, she has preserved no error for appeal.

Gee argues that where a will once known to exist cannot be found after the death of the testator, there is a presumption that it was destroyed by the maker with the intent to revoke it, citing *Matter of Estate of Miller* (1977), 172 Ind.App. 21, 359 N.E.2d 270, 273. She contends that Stephens failed to rebut this presumption, apparently challenging the following findings and conclusions of the trial judge:

15. While the court *may draw an inference* that a Will in a testatrix's possession, and not found after death, was intended by her to be revoked, *the court cannot, and will not, draw that inference in the present case* because:

A. There is substantial evidence that she continued to have testamentary intent toward, and affection for and interest in, the petitioner [Stephens], until her death.

B. She was unable to obtain access to the Will when she became ill.

C. There was no evidence that she removed the Will once she had placed it in her safety deposit box.

D. She was under the control of the respondent [Gee] during that time the respondent would have this court conclude the decedent revoked the Will.

E. The decedent was presumed to be incompetent to make or revoke a will after she was found to be incompetent by this court; [t]he respondent failed to show by clear, explicit, and satisfactory contrary evidence that, despite the finding of incapacity, the decedent in fact possessed the requisite capacity to revoke a will.

Record, pp. 143–144 (emphasis added).

Gee acknowledges the presence of other authority stating that the disappearance of a will raises an *inference* of revocation, but notes in a footnote that "the distinction, if any, appears to be academic." Appellant's Brief, p. 6. She argues that regardless, the presumption (or inference) must be rebutted by clear and convincing evidence.

Although we must disagree with Gee's assertion that the distinction between an inference and a presumption is merely academic, we concede that the caselaw on the issue of whether a lost will raises an inference or a presumption of revocation is in a state of disarray.

In reply to Gee's argument that a lost will last seen in the possession of the testator raises a presumption of destruction with intent to revoke, Stephens points to the following language in the case of *Cope v. Lynch* (1961), 132 Ind.App. 673, 176 N.E.2d 897, *transfer denied,* where the court stated:

It has been held that where a testator retains possession or control of his will and it is not found at or after his death, an "inference" arises that he destroyed it or mutilated it for the purpose of revoking it. *In re Patton's Will,* 1951, 121 Ind.App. 256, 95 N.E.2d 311, 96 N.E.2d 353. It is to be noted that the court in that case used the word "inference" and not "presumption." The distinction is important because it is for the jury or the court as a trier of facts to determine whether a permissible inference should be drawn. *Baltimore & Ohio R. Co. v. Reyher, Adm'x,* 1940, 216 Ind. 545, 24 N.E.2d 284.

In this case the trial court rejected the inference urged by appellant and found in favor of appellees. This it had a right to do if there was sufficient evidence upon which to base a reasonable inference of probative value that the testator did not intentionally revoke his will or codicil. In cases involving the wrongful or fraudulent destruction of a will, there is never any direct evidence of such de-

struction, and if there was such at all, it must be reasonably inferred from the facts and surrounding circumstances presented at the trial.

*Id.* 176 N.E.2d at 901.

Although we acknowledge that *Cope, supra,* as well as other Court of Appeals cases, refer to an inference rather than a presumption of destruction with intent to revoke, we decline to follow those cases. *See Bechert v. Lehe* (1974), 161 Ind.App. 454, 459, 316 N.E.2d 394, 398–399 (inference); *Heath v. Strunk* (1972), 152 Ind. App. 80, 281 N.E.2d 897, 908 (inference, quoting with approval the above language in *Cope* ); *In re Patton's Will* (1950), 121 Ind.App. 256, 95 N.E.2d 311, 313, *rehearing denied* 121 Ind.App. 256, 96 N.E.2d 353, *transfer denied* (inference); *Fye v. Hamilton* (1920), 75 Ind.App. 99, 129 N.E. 237, 239, *rehearing denied* (inference or rebuttable presumption).

In *McDonald v. McDonald* (1895), 142 Ind. 55, 41 N.E. 336, our Supreme Court stated:

> We recognize as a settled principle of law that where the testator retains the possession or control of his will, and at or after his death it is not found, or is found thereafter in a mutilated or defaced condition, the *presumption* arises that he destroyed or mutilated it for the purpose of revoking it. *But this presumption may be rebutted by evidence.*

*Id.* 41 N.E. at 345 (emphasis added). Thus, although many of the Court of Appeals cases set out above cited *McDonald,* they failed to either draw the distinction between a rebuttable presumption and a permissive inference, or to recognize that binding Supreme Court precedent imposes the former in the situation of a lost or misplaced will.

The law with regard to presumptions and inferences has been aptly characterized as "slippery". McCormick on Evidence, § 342 at 965 (3rd ed.1984). Indiana caselaw has done little to tighten the grasp on this elusive subject. In *Deming Hotel Company v. Prox* (1968), 142 Ind.App. 603, 236 N.E.2d 613, *transfer denied,* the court advanced the following definitions:

A presumption is defined as:

> "An inference affirmative or disaffirmative of the existence of a disputed fact, drawn by a judicial tribunal, by a process of probable reasoning, from some one or more matters of fact, either admitted in the cause or otherwise satisfactorily established. Best Pres.Sec. 12," Black's Law Dictionary, 4th Edition.

An inference is defined as:

> "A process of reasoning by which a fact or proposition sought to be established is deducted as a logical consequence from other facts, or a state of facts already proved or admitted. [Authorities omitted.]" Black's Law Dictionary, 4th Edition.

236 N.E.2d at 619. Unfortunately, these definitions fail to draw a clear distinction between the two legal terms.

■ The distinction between a presumption and an inference is perhaps best drawn by noting that a presumption is a deduction which the law requires the trier of fact to make if it finds a certain set of facts. Thus, a presumption differs from an inference, which the trier may or may not make according to his own conclusions drawn from the facts adduced at trial. A presumption is mandatory, while an inference is permissive. *Smith v. Bohlen* (1989), 95 N.C.App. 347, 382 S.E.2d 812, 814; *Legille v. Dann* (1976), 178 U.S.App.D.C. 78, 544 F.2d 1, 5; *Larmay v. Vanetten* (1971), 129 Vt. 368, 278 A.2d 736, 740.

■ The trial judge's finding and conclusion 15 quoted above makes it clear that the judge treated the fact situation in this case as giving rise to a permissive inference, rather than a rebuttable presumption. Therefore, his judgment was contrary to law in that he improperly assessed the burdens which each party must overcome in order to prevail.

■ The passage quoted above from *McDonald* makes it clear that where a testator retains possession or control of a will, and the will is not found at the testator's death, a presumption arises that the will was destroyed with an intent to revoke it. When a copy of that will is offered for

probate, and probate of the copy is contested, the burden of proof remains on the contesting party throughout the proceeding to establish that the will was in fact revoked. IND.CODE 29–1–7–20 (Supp.1990). However, the contestor is aided by the presumption of destruction with intent to revoke. This presumption shifts the burden of going forward to the proponent of the will to present evidence to rebut the presumption. Of course, the contestor still retains the ultimate burden of proof.

◼ Gee argues that the proponent of the will must come forward with clear and convincing evidence to rebut the presumption of revocation. She has cited no Indiana law to support her position, but cites the Virginia case of *Blalock v. Riddick* (1947), 186 Va. 284, 42 S.E.2d 292. *Blalock* required "strong and conclusive" evidence of the existence of a lost will in order to rebut the presumption of revocation. *Id.* 42 S.E.2d at 296.

The normal standard of proof in civil cases is the familiar "preponderance of the evidence" standard. However, the requirement of "clear and convincing" evidence has been employed in certain quasi-criminal proceedings where the issues involved are different from the typical economic issues in a civil case where the risk of an erroneous verdict in the defendant's favor is no more serious than the risk of an erroneous verdict in the plaintiff's favor. *Tucker v. Marion County Department of Public Welfare* (1980), Ind.App., 408 N.E.2d 814, 820. *See e.g.* I.C. 34–4–34–2 (punitive damages); *Addington v. Texas* (1979), 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (involuntary commitment to mental hospital). Cf. *Lewis v. Roberts* (1986), Ind.App., 495 N.E.2d 810, 812 (petitioner in nonconsensual adoption must prove case by clear, cogent, and indubitable evidence). The Supreme Court in *McDonald* made no refer-

ence to a higher standard of proof to rebut the presumption of revocation in the instance of a lost will, and this is not a quasi-criminal proceeding which would require such a standard. In the absence of a clearer mandate from our Supreme Court or the General Assembly, we will not deviate from the normal preponderance of the evidence standard.

◼ Therefore, we hold that the proponent of a will in the testator's possession or control which is not found at the time of the testator's death may rebut the presumption of destruction of the will by the testator with the intent to revoke by introducing evidence which tends to support a contrary conclusion such that destruction with the intent to revoke is disproven by a preponderance of the evidence.[1] Evidence which would rebut the presumption might include evidence of the testator's intent at the time she allegedly revoked the will, evidence relating to the ability of the testator to obtain access to the will during the alleged period of revocation, evidence relating to the competency of the testator during the alleged period of revocation, and evidence relating to the ability of interested parties to obtain access to the will before its disappearance.

The judgment of the trial court is reversed and this cause is remanded to the trial court for the application of the proper standards to the evidence introduced at trial.

HOFFMAN, P.J., and CHEZEM, J., concur.

---

1. Of course, the contesting party need not rely on the presumption in her favor, but may introduce additional evidence tending to show the revocation of the will. The introduction of additional evidence by the contesting party will require the proponent not only to rebut the presumption, but to introduce additional evidence to prevent the contestor from sustaining her ultimate burden of proof by a preponderance of the evidence. Note that the presumption and the subsequent offer of evidence by either party do not shift the ultimate burden of proof, which remains on the contestor at all times, but merely serves to shift the burden of going forward, sometimes called the burden of production of evidence, to the opposing party.