**HANOVER COLLEGE, SIGMA CHI IN-TERNATIONAL FRATERNITY, INC., and Chi Chapter of Sigma International Fraternity, Inc., Appellants–Defendants,**

v.

**Jo Ann THOMAS, Appellee–Plaintiff.**

No. 39A05–9204–CV–114.

Court of Appeals of Indiana, Fifth District.

July 21, 1993.

J. Anthony Goebel, Wyatt, Tarrant & Combs, Louisville, KY, John W. Woodard, Jr., Wyatt, Tarrant, Combs & Orbison, New Albany, for appellants-defendants.

Darrell M. Auxier, Jenner & Auxier, Madison, G. Edward James, Berry & Floyd, Carrollton, KY, for appellee-plaintiff.

BARTEAU, Judge.

Hanover College, Sigma Chi International Fraternity, Inc. and Chi Chapter of Sigma International Fraternity, Inc. (hereinafter collectively referred to as Hanover) bring this interlocutory appeal[1] from the trial court's denial of their motions for summary judgment. We affirm.

## FACTS

On October 1, 1988 on the Hanover College campus, an automobile driven by an intoxicated Jeffrey Works struck and killed eighteen-year-old pedestrian and Hanover student Taran Ray Thomas (Taran). Taran's mother, Jo Ann Thomas (Thomas), as administratrix of Taran's estate, instituted a wrongful death action against Jeffrey Works in the Fayette Circuit court in the Commonwealth of Kentucky.[2] Thomas, as administratrix, received $100,000 in settlement from Jeffrey Works and Wayne Works and $300,000 from her own insurance carrier, Hamilton Mutual Insurance Company, on an under-insurance claim. Thomas executed two covenants not to sue, which were identical except for the party involved and provided in part that Thomas "as Administratrix of the Estate of Taran Ray Thomas, deceased, and individually, do for myself, the Estate of Taran Ray Thomas, deceased, our heirs, executors, administrators, successors and assigns hereby agree to forever refrain from instituting, prosecuting or in any way aiding any suit or claim against" Works and Hamilton and "that this covenant is to compromise and terminate all claims against [Works] [Hamilton] for both known and unknown injuries and damages of whatever nature, including all future developments thereof, in any way growing out of or connected with or

---

1. We note that our consideration of this appeal was delayed pending return of the special judge appointment from the trial court forwarded to us pursuant to a writ of certiorari.

2. Thomas and Taran were residents of the State of Kentucky.

which may hereinafter in any way grow out of or be connected with said accident, and that all agreements and understandings between the parties in reference thereto are embodied herein."

The covenants further reserved all rights against others who might be liable in connection with Taran's death and provided that all sums collected through the settlement would be distributed in accordance with Kentucky law. The covenants were signed by Thomas in her capacity as administratrix of Taran's estate.

Thomas on her own behalf subsequently filed an action in Indiana against Hanover, claiming damages for the wrongful death of her child, pursuant to Ind.Code 34–1–1–8.

Hanover moved for summary judgment asserting that the covenants not to sue executed by Thomas precluded her from maintaining the Indiana action. They based their argument on the fact that at the time of Taran's death, the Indiana wrongful death of a minor statute provided that a plaintiff may recover no more than $100,000 in damages for the loss of the love and companionship of a child. I.C. 34–1–1–8(e)(2), P.L. 306–1987, §§ 2, 3 and 4, effective May 8, 1987. Hanover contended that Thomas, acting both as administratrix and individually, released Works and Hamilton from *any* claim arising from Taran's death, that the Indiana action is covered by this release, and thus the $400,000 Thomas received in settlement, being greatly in excess of the statutory maximum recovery in Indiana, precluded Thomas from maintaining an action in Indiana. Essentially, they argued that Thomas has already been fully compensated for the damages claimed. The trial court denied the motion for summary judgment.[3] Hanover appeals.[4]

**3.** The trial court did grant summary judgment for Hanover on certain damages claimed under I.C. 34–1–1–8(e)(3), namely the health care expenses incurred by Taran, his funeral and burial expenses, the expense of reasonable psychiatric and psychological counseling incurred by Thomas because of Taran's death, Taran's uninsured debts and the expenses related to the administration of Taran's estate. The trial court held that as a matter of law reimbursement for

## STANDARD OF REVIEW

 Our standard of review is well-settled. When reviewing the grant of a motion for summary judgment, this court stands in the shoes of the trial court. *Indiana Dept. of State Revenue v. Caylor–Nickel Clinic, P.C.* (1992), Ind., 587 N.E.2d 1311. Any doubt as to a fact, or an inference to be drawn is resolved in favor of the non-moving party. *Cornett v. Johnson* (1991), Ind.App., 571 N.E.2d 572, *reh'g denied.* We will affirm the granting of the summary judgment motion only if the material facts and the relevant evidence specifically designated to the trial court reveal that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(H); *Deadwiler v. Chicago Motor Club Ins. Co.* (1992), Ind.App., 603 N.E.2d 1365, *trans. denied.*

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194.

## DENIAL OF MOTIONS FOR SUMMARY JUDGMENT

The trial court did not err in denying the motions for summary judgment. We do not find persuasive Hanover's argument that the language in the covenants is sufficient to establish that the funds Thomas received pursuant to the Kentucky settlement included compensation for her individual claim arising out of Taran's death.

 Kentucky law allows, as does Indiana law, the parents of a deceased minor child to bring a separate action for the loss of the child's love and companionship.

these items was available under Kentucky law and thus summary judgment was appropriate to prevent a double recovery.

**4.** Hanover also presented the issue of whether Indiana or Kentucky law applied to this case. However, we need not discuss the choice of law issue because all parties agree that Indiana law applies to the facts of this case.

Kentucky Revised Statutes 411.135. However, in Kentucky, the parents are entitled to recover for their loss only if the child is under the age of 18. Because Taran was eighteen years old at the time of his death, Thomas was not entitled to recover, under Kentucky law, for her separate loss of his love and companionship. Thus, the suit Thomas filed as personal representative of Taran's estate in Kentucky, and from which the Works settlement stemmed, could not have included a claim by Thomas individually for her loss of Taran's love and companionship. The record before us is unclear on whether the settlement Thomas received from Hamilton as administratrix of Taran's estate stemmed from the suit she filed against Works. If it did, then it could not have included damages for Thomas's loss of Taran's love and companionship. If it did not arise from the suit against Works, the result remains the same because the only evidence before us concerning that settlement is Thomas's affidavit to the effect that "none of the compensation received was for the loss of affection of my child, the services of my child, the deprivation of love and companionship of my son, or the physical and mental suffering as a result of the loss of my child." This evidence supports Thomas's contention that the settlements were entered pursuant to Kentucky law and thus no recovery for her loss, as a parent, was included in the settlements.

Additionally, the covenants not to sue provided that all sums received in settlement would be distributed in accordance with Kentucky law. Because Thomas could not recover for the loss of her son's love and companionship in Kentucky, the settlement funds could not be distributed to her as compensation for that individual claim.

Hanover continually asserts that Thomas, individually, received a settlement for $400,000 and thus has been fully compensated for the loss of Taran's love and affection. However, Thomas did not receive the settlement individually. Rather, she received it as the personal representative of

Taran's estate. An action for wrongful death in Kentucky must be brought by the personal representative of the deceased.[5] K.R.S. 411.130. Any recovery arising from the action goes to the personal representative for statutory distribution. *Department of Education v. Blevins* (1986), Ky., 707 S.W.2d 782. The parents are beneficiaries of the recovery only if the decedent is not survived by a "widow, husband or child." K.R.S. 411.130(2)(d). Thus, under Kentucky law, Thomas, as the personal representative of Taran's estate, recovered damages for Taran's estate, and because he left no wife, husband or child, she inherited from his estate. This is not the equivalent of Thomas personally receiving $400,000 in full settlement for all claims she might have. For example, had Taran been survived by a child, Thomas could still have acted as personal representative of the estate and entered into the covenants not to sue. The money would then have gone to her as personal representative for statutory distribution to the child. This scenario would no more extinguish Thomas's claim for her personal loss of Taran's love and companionship than do the facts before us. It simply does not follow that because Thomas ultimately received the funds, she was somehow compensated for a claim which could not have been included in the settlement.

Thomas received the money as administratrix of Taran's estate and recovered only for those items available under Kentucky law. Therefore, the trial court correctly held that the settlement and covenants not to sue did not prevent Thomas from bringing an action on her own behalf, in Indiana, for the loss of Taran's love and companionship.

The trial court's denial of summary judgment is affirmed.

GARRARD and RUCKER, JJ., concur.

---

5. If the suit is one for the wrongful death of a child, the parent may bring the cause of action. Because Taran was over 18, Thomas was not entitled to pursue a claim of this nature in Kentucky.