Irvin John KRONMILLER and Michael D. Kronmiller, as Co–Personal Representatives of the Estate of Verna Inez Kronmiller, and Irvin John Kronmiller, Individually, Appellants–Plaintiffs,

v.

David L. WANGBERG and Thomas L. Schoenherr, as Co–Executors of the Estate of Elmer William Kronmiller, Deceased; Teresa Jones; Judy Greer; Marie Hutchinson; Joyce Price; Neal Kronmiller; The Endowment Fund of the Evangelical Lutheran St. John's Church; and The Endowment Fund of St. John's Lutheran Church, Appellees–Defendants.

No. 02A03–9510–CV–335.

Court of Appeals of Indiana.

May 20, 1996.

John B. Powell, Shambaugh, Kast, Beck &
Williams, Fort Wayne, for Appellants.

Robert J. Parrish, Parrish & Knight, Fort Wayne, for Appellees David L. Wangberg and Thomas L. Schoenherr, Co–Executors of the Estate of Elmer William Kronmiller; The Endowment Fund of the Evangelical Lutheran St. John's Church; The Endowment Fund of St. John's Lutheran Church.

Donald D. Doxsee, Fort Wayne, for Appellees Teresa Jones, Judy Greer, Marie K. Hutchinson, Joyce Price and Neal Kronmiller.

## OPINION

HOFFMAN, Judge.

Appellants-plaintiffs Irvin John Kronmiller (John) and Michael D. Kronmiller (Michael), as personal representatives of the Estate of Verna Inez Kronmiller, and Irvin John Kronmiller, individually, appeal from a summary judgment in favor of appellees-defendants David L. Wangberg and Thomas L. Schoenherr, as co-executors of the Estate of Elmer William Kronmiller, deceased; Teresa Jones; Judy Greer; Marie Hutchinson; Joyce Price; Neal Kronmiller; The Endowment Fund of the Evangelical Lutheran St. John's Church; and The Endowment Fund of St. John's Lutheran Church (collectively referred to as "the Estate") in a will contest action.

Elmer and Verna Kronmiller were husband and wife. The Kronmillers had one son, John, and six grandchildren, Michael, Teresa, Judy, Marie, Joyce, and Neal. Elmer had been a farmer all his life and continued to farm and raise livestock through 1988. The relationship between Elmer and his son, John, was strained at best, and prior to Elmer's death, he and his son had not spoken in many years.

On May 19, 1989, Elmer executed a last will and testament which was witnessed by David L. Wangberg, the attorney who prepared the will, and George H. Zeimer. A codicil to the will was executed on June 16, 1989. Elmer died on April 11, 1991, at the age of 88, and his will and the codicil were admitted to probate on April 22, 1991.

Elmer's will provided that after debts, funeral expenses, and costs of administration were paid, his estate would ensue to Verna, and if she did not survive him by three months, there were specific bequests to John and five of the six grandchildren, excluding Michael. The will noted that no provisions were made for Michael "not because of any lack of love and affection, but because he has already received ample property." The remainder of Elmer's estate was then to pass, in equal shares, to The Endowment Fund of the Evangelical Lutheran St. John's Church and The Endowment Fund of St. John's Lutheran Church. The codicil removed Michael as a contingent executor and appointed Thomas L. Schoenherr and David L. Wangberg as the contingent co-executors in his place. Elmer and Verna's assets included more than $200,000.00 in bank accounts. Verna died on June 11, 1991, only two months after Elmer's death.

John and Michael filed a will contest on September 20, 1991, alleging that Elmer was of unsound mind at the time he executed the will and codicil and that the instruments were executed under duress and obtained under undue influence. After Verna died, a complaint to contest her will was filed by the defendants in the instant case against John and Michael as co-personal representatives of Verna's estate. John and Michael filed a motion to consolidate the two cases. On October 3, 1994, the court granted the motion. The Estate filed objections to the order of consolidation to which John and Michael responded. On January 3, 1995, the trial court set aside and vacated its prior order after it determined that the consolidation of the will contest actions was not appropriate.

The Estate filed a motion for summary judgment on January 25, 1995. John and Michael filed various motions, including a motion for extension of time to respond and a motion to compel discovery. On March 2, 1995, the court granted John and Michael's motion for additional time but denied their motion to compel, finding that the discovery request was overly broad and necessarily included items and information that were protected by the attorney-client privilege and documents prepared in anticipation of litigation without a showing by John and Michael of substantial need or undue hardship. Thereafter, the Estate filed a motion to

strike previously filed material in opposition to summary judgment, including material from the Mental Health Association, medical records of Redi–Med Southwest, records of Renaissance Village Nursing Home and records of Dr. Herman Meyer, Elmer's physician. After a hearing on the motions, the court granted both the Estate's motion for summary judgment and motion to strike. John and Michael now appeal.

On appeal, John and Michael raise four issues for review:

(1) whether the trial court erred in granting the Estate's motion to strike Mental Health Association notes of May 4, 1989 through May 22, 1989, medical records of Redi–Med Southwest, records of Renaissance Village Nursing Home, and medical records of Dr. Herman Meyer;

(2) whether the trial court erred in granting the Estate's motion for summary judgment;

(3) whether the trial court erred in denying John and Michael's motion to consolidate; and

(4) whether the trial court erred in denying John and Michael's motion to compel.

■ John and Michael argue that the trial court erred in striking various medical records, Exhibits "A," "F," "G," and "H." The Estate counters that not only did the trial court properly strike the various medical records for lack of authenticity, but also John and Michael failed to properly designate any evidence relevant to the material issues of fact regarding Elmer's competency. In response to the Estate's motion for summary judgment, John and Michael designated the following evidentiary material: Exhibit "A" Mental Health Association case notes for May 4, 1989 through May 22, 1989; Exhibit "B" Affidavit of Jane Walls; Exhibit "C" Affidavit of Audrey Wiedeman; Exhibit "D" Affidavit of Fern Bobay; Exhibit "E" Portions of the Deposition of George Zeimer; Exhibit "F" Medical records of Redi–Med Southwest; and Exhibit "G" Medical records of Dr. Herman Meyer.

Ind.Trial Rule 56(E) states, in part:

FORM OF AFFIDAVITS–FURTHER TESTIMONY–DEFENSE REQUIRED. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . .

However, T.R. 56(E) should not be so limited as to prohibit exhibits from being presented for the trial court's consideration in any other manner. In ruling on a motion for summary judgment, the trial court will consider only properly designated evidence which would be admissible at trial. *See Wallace v. Indiana Ins. Co.*, 428 N.E.2d 1361, 1364, 1365 (Ind.Ct.App.1981) (contents of an uncertified exhibit cannot raise material issue of fact); *Middelkamp v. Hanewich*, 173 Ind. App. 571, 579, 364 N.E.2d 1024, 1030–1031 (1977), *trans. denied* (certified and duly authenticated copies of pleadings, motions, orders, judgments, and decision on appeal properly considered by trial court in determining whether to grant summary judgment); *Freson v. Combs*, 433 N.E.2d 55, 59 (Ind.Ct.App.1982) (unsworn statements, commentary, and uncertified exhibits cannot be considered by the trial court in ruling on a motion for summary judgment). An unsworn statement or unverified exhibit does not qualify as proper evidence. *Wallace*, 428 N.E.2d at 1365. The various medical records designated by John and Michael have not been authenticated nor has any other effort been made to prove that the records were true and accurate copies of the material they purported to be. Exhibits "A," "F," "G," and "H" have no indicia of reliability or trustworthiness; therefore, the trial court properly struck these exhibits from the designated evidence.

■■ Further, John and Michael referred to the various medical records in their response to the Estate's motion for summary judgment in the exhibit's entirety. Ind.Trial Rule 56(C) specifically requires each party to a summary judgment motion to *"designate* to the court *all parts* of pleadings, depositions,

answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." *Id.* (Emphasis added.) While setting forth the entire exhibit without reference to the part of parts relied upon is not a problem in a short one or two-page affidavit, *see* Exhibits "B," "D," and "C," it is not appropriate to designate lengthier exhibits without specific reference to the specific parts of the exhibit which are being relied upon to support or counter the summary judgment motion. As for Exhibit "E," specific references to the parts of the deposition which were relied upon were cited in John and Michael's response to the Estate's motion for summary judgment. *See Marlatt v. United Farm Bur. Fam. Ins. Co.*, 640 N.E.2d 1073, 1075 (Ind. Ct.App.1994) (relevant evidence may be designated in a memorandum). Thus, the trial court properly considered only John and Michael's Exhibits "B," "C," "D," and "E" in opposition to summary judgment.

▇ When reviewing an entry of summary judgment, this Court uses the same standard used by the trial court. *Ramon v. Glenroy Const. Co., Inc.*, 609 N.E.2d 1123, 1127 (Ind.Ct.App.1993), *trans. denied.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.;* T.R. 56(C). This Court will not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind. Ct.App.1994), *trans. denied.* Any doubt as to a fact or an inference to be drawn is resolved in favor of the nonmoving party. *Hanover College v. Thomas*, 617 N.E.2d 568, 570 (Ind.Ct.App.1993). However, summary judgment may be sustained upon any theory which is supported by the designated materials. T.R. 56(C); *Ind. Bd. of Public Welfare v. Tioga Pines*, 622 N.E.2d 935, 940 (Ind. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994).

▇ The burden is on the moving party in summary judgment proceedings to show that there is no genuine issue of material fact and that the movant is entitled to judgment as a

matter of law. *Pierce v. Bank One–Franklin, NA*, 618 N.E.2d 16, 18 (Ind.Ct.App.1993), *trans. denied.* Once the movant has made a showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party whose response must set forth specific facts showing there is a genuine issue in dispute. *Id.*

▇ Every person is presumed to be of sound mind to execute a will until the contrary is shown. *Farner v. Farner*, 480 N.E.2d 251, 259 (Ind.Ct.App.1985). To rebut this presumption, it must be shown that the testator lacks mental capacity at the time of executing his will to know (1) the extent and value of his property; (2) those who are the natural objects of his bounty; and (3) their deserts, with respect to their treatment of and conduct toward him. *Id.* It is only the testator's soundness of mind at the time of executing the will which is controlling. *Id.* However, evidence of the testator's mental condition prior to the date of execution is admissible, as it relates to the testator's mental state when executing his will. *Id.* Similarly, the exercise of undue influence is never presumed. *Id.* at 260; *Folsom v. Buttolph*, 82 Ind.App. 283, 308, 143 N.E. 258, 262 (1924). The real question is the mental soundness of the testator, whether his mind was, in fact, unduly influenced in the making of the will. *Farner*, 480 N.E.2d at 260; *Goodbar v. Lidikey*, 136 Ind. 1, 6, 35 N.E. 691, 692 (1893). The party contesting a will and codicil has the burden of proving that both instruments were invalid, as the codicil serves to republish the original will except as modified. *Oilar v. Oilar*, 188 Ind. 125, 127, 120 N.E. 705, 705 (1918); 29 I.L.E. *Wills* § 145 (1960).

▇ John and Michael have failed to produce any evidence from which it could be reasonably inferred that Elmer lacked testamentary capacity or was unduly influenced when he executed his will and/or codicil. In moving for summary judgment, the Estate presented evidence that Elmer was competent when he signed both his will and the codicil. Attorney Wangberg, who prepared and witnessed the signing of the will and was named co-executor in the codicil executed on

June 16, 1989, stated in his deposition that Elmer was competent when he signed both documents. Prior to executing his will, Elmer was able to identify his property and its value and those who were the natural objects of his bounty. Attorney Wangberg further discussed with Elmer the reasons for the disposition of his property, including the problem he had with his only son, John, and how much Elmer had given John and his grandchildren, particularly Michael, during his lifetime. George Zeimer, also a witness to Elmer's will, likewise stated that he believed Elmer to be competent at the time Elmer signed his will. Although Zeimer later stated on cross-examination that he believed Elmer was not competent, he qualified his statement as being based upon the way Elmer treated his wife and not upon the legal definition of competency. John and Michael also stated in their own depositions that they believed Elmer knew the nature of his bounty and the extent of his property.

John and Michael rely on the following designated evidence in support of their claim for reversal of summary judgment: the Kronmillers' house was filthy and dirty; maggots and mice droppings were found in the kitchen; Elmer was physically and mentally abusive to his wife; Elmer took prescription Valium; Elmer refused delivery of homebound meals despite the fact that his wife was very thin; Elmer received a check which he did not know what it was for; and Elmer was observed by Zeimer on one occasion driving his tractor in circles around the cornfield. This evidence, however, raises no genuine issue of material fact as to Elmer's competency or whether he had been unduly influenced at the time he executed his will and the codicil. The conclusory statements made within Walls', Wiedeman's, and Bobay's affidavits as to Elmer's testamentary capacity are insufficient to raise a material issue of fact. Further, there was no evidence presented from which it could be reasonably inferred that Elmer was under duress or unduly influenced when he executed either his last will and testament or codicil thereto.

■ John and Michael next allege that the trial court erred in denying their motion to consolidate Elmer and Verna's will contest actions. Specifically, they contend that the two cases involved common questions of law and fact and would require virtually the same evidence and witnesses. However, there is no evidence in the record as to the witnesses in either case; without such evidence, it would be impossible for this Court to determine whether there would be a duplication of witnesses. More importantly, the competency of one person to execute a will has no effect on the competency of another. The trial court did not abuse its discretion. *See In re Paternity of Tompkins,* 518 N.E.2d 500, 507 (Ind.Ct.App.1988) (consolidation is within the trial court's discretion and will only be reversed when a manifest abuse of discretion is established).

■ Finally, John and Michael contend that the trial court erred in denying their motion to compel discovery. A grant or denial of motions for discovery rests in the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Hudgins v. McAtee,* 596 N.E.2d 286, 289 (Ind.Ct.App.1992). Abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts of the case. *Id.*

■ Here, the motion to compel pertained to John and Michael's request for production of documents served on Attorney Wangberg on September 29, 1991, requiring him to produce his complete files relating to Elmer and Verna Kronmiller. Attorney Wangberg supplied opposing counsel with various documents including: copies of the wills; papers furnished by the Kronmillers and their bank prior to the signing of their wills; and notes taken in preparation of the wills. Additionally, the attorney objected to the request on the grounds it was overly broad, the documents were prepared in anticipation of litigation, they concerned his mental impressions and legal theories and were protected by the attorney/client privilege, and the files concerning Verna were not relevant in an action against Elmer. Thereafter, John and Michael served a subpoena duces tecum on the attorney which requested that he bring the previously requested documents to his deposition. Attorney Wangberg filed a motion to quash the subpoena. On October 3, 1994, John and Michael filed their certificate of readiness for trial. No further judicial action was taken to enforce either the request for production or the subpoena duces

tecum until John and Michael filed their motion to compel in February of 1995.

As pointed out by the trial court, the request for the production of documents is overly broad. The request sets forth neither the individual items nor the categories of items sought for inspection with reasonable particularity as required by the rules of discovery. *See* Ind.Trial Rule 34(B) (a request for the production of documents "shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity"). Further, the request necessarily includes items and information which are protected by the attorney/client privilege and documents prepared in anticipation of litigation or trial without any showing by John and Michael of substantial need in the preparation of their case and of the inability, without undue hardship, to obtain the substantial equivalent of the material by other means. *See* Ind.Trial Rule 26(B)(1) and (3). Hence, the trial court did not abuse its discretion in denying the motion to compel. The judgment of the trial court is affirmed.

Affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs in result.