**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 20 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER J. AGOSTINO**
Anderson Agostino & Keller, P.C.
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS R. KENDALL**
Weltman, Weinberg & Reis Co., L.P.A.
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROCHELLE M. GIBLER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 71A05-1109-CC-500 |
| | ) |
| DISCOVER BANK, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable David C. Chapleau, Judge
Cause No. 71D06-1103-CC-238

**March 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Rochelle M. Gibler ("Gibler") appeals a grant of summary judgment in favor of Discover Bank ("Discover") upon its breach of contract claim against Gibler. Gibler presents a single issue for our review: whether Discover's designation of summary judgment materials failed to comport with the requirements of Indiana Trial Rule 56 such that Discover did not establish its entitlement to summary judgment. We affirm.

**Facts and Procedural History**

On March 28, 2011, Discover filed a complaint against Gibler, alleging that she was liable to Discover under a credit card account agreement, in the principal sum of $8,770.06. Discover also sought interest and contractual attorney's fees. On May 13, 2011, Gibler answered the complaint, alleging a lack of sufficient information to either admit or deny the allegations of the complaint.

On July 27, 2011, Discover filed its motion for summary judgment, designation, affidavits of debt and attorney's fees, and supporting memorandum. On August 4, 2011, Gibler filed a response requesting that the motion for summary judgment be denied for failure to comport with the requirements of Trial Rule 56(C), (specificity), and 56(E), (requirement of certification or self-authenticating documents).

On September 20, 2011, the trial court conducted a hearing on the motion for summary judgment, at which argument of counsel was heard. At the conclusion of the hearing, the trial court granted summary judgment in favor of Discover. Gibler appeals.

## Discussion and Decision

"Summary judgment may be proper when there is no dispute regarding a fact which is dispositive of the action." Cowe by Cowe v. Forum Group, Inc., 575 N.E.2d 630, 633 (Ind. 1991). The party moving for summary judgment bears the burden of establishing the lack of a material factual issue and, once the movant has met this burden, an opposing party is obliged to disgorge sufficient evidence to show the existence of a genuine triable issue. Id. The opposing party's obligation does not arise until after the movant has shown entitlement to summary judgment. Id.

"In ruling upon a motion for summary judgment, facts alleged in a complaint must be taken as true except to the extent that they are negated by depositions, answers to interrogatories, affidavits, and admissions on trial or by testimony presented at the hearing on a motion for summary judgment." Id. The trial court may consider only properly designated evidence when deciding a motion for summary judgment. Kronmiller v. Wangberg, 665 N.E.2d 624, 627 (Ind. Ct. App. 1996), trans. denied. Pursuant to Trial Rule 56(E), an unsworn statement or an unverified exhibit does not qualify as proper summary judgment evidence. Id.

In reviewing a trial court's ruling on summary judgment, we stand in the shoes of the trial court, and apply the same standards in deciding whether to affirm or reverse summary judgment. Warren v. Warren, 952 N.E.2d 269, 272 (Ind. Ct. App. 2011). We consider all of the designated evidence in the light most favorable to the non-moving party. Id. The party appealing the grant of summary judgment bears the burden of persuading us that the trial

court's ruling was improper.  Id.

Discover designated account statements, a credit card application and agreement, and affidavits of debt and attorney's fees.  Gibler finds this designation insufficient because most of the documents are unverified, and because the affidavits are referenced in their entirety, and not in specific paragraphs.  Discover concedes that it offered unverified account statements that failed to comply with the requirements of Trial Rule 56(E), but argues that the properly designated materials – the credit card agreement and affidavits – are uncontroverted and establish Discover's entitlement to summary judgment.  Striking the unauthenticated documents, we will look at the remaining designated materials.

Trial Rule 56(C) requires that at the time of filing a motion for summary judgment, "a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion."  The rule does not mandate the form of designation, the degree of specificity required, or its placement (that is, the filing in which the designation is to be made).  Filip v. Block, 879 N.E.2d 1076, 1081 (Ind. 2008).  However, the rule does compel parties to identify the "parts" of a document upon which they rely.  Id.  Thus, there must be sufficient specificity to identify the relevant portions of a document and so, for example, the designation of an entire deposition is inadequate.  Id.  Page numbers are generally sufficient, but a more detailed specification, such as supplying line numbers, is preferred.  Id.

"Even if entire portions of the record are designated, however, the designation will not fail for lack of specificity if more detailed references to the record are provided in

4

accompanying memoranda." Abbott v. Gates, 670 N.E.2d 916, 922 (Ind. Ct. App. 1996). "[A]s long as the trial court is apprised of the specific material on which the parties rely either in support of or in opposition to the motion then the designation requirement has been met." Mid State Bank v. 84 Lumber Co., 629 N.E.2d 909, 913 (Ind. Ct. App. 1994).

The sworn documents designated by Discover included a one-page affidavit of debt, referencing charge account 6011005700700571, and a one-page affidavit of attorney's fees. Discover's memorandum in support of summary judgment included the following references:

> Defendant's use of the subject credit card account bound Defendant to the terms of the credit card agreement, including the obligation to repay the balance due, including interest and fees. This is evident from the face of the agreement, as well as prevailing Indiana law.
> …
> The Complaint and affidavit of Plaintiff's representative set forth the unpaid balance on the subject account.

(App. 29.)  The trial court, having heard argument that the designation of materials was inadequate, professed an ability to find the assertions relied upon by the proponent of summary judgment, given the conciseness of the materials. Although generally a higher degree of specificity is of benefit, here we agree with the trial court that identifying the material relied upon in one page affidavits would not have been particularly enhanced by the use of paragraph or line numbers in the designation.

Discover alleged in its complaint that Gibler had entered into a credit card agreement and, pursuant to its terms, owed principal, interest, and attorney's fees. Designated materials in support of the motion for summary judgment included a credit card agreement and affidavits of debt and attorney's fees. The affiants claimed that Gibler owed $8,770.06 in

5

principal (upon which interest at the statutory rate was to be computed) and $1,800 in attorney's fees. This is sufficient to require Gibler to "disgorge sufficient evidence to show the existence of a genuine triable issue." Cowe, 575 N.E.2d at 633. Gibler did not designate materials in opposition to summary judgment or identify a genuine issue of material fact. The trial court properly granted summary judgment to Discover.

Affirmed.

BAKER, J., and DARDEN, J., concur.