Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2013, 5:41 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DWAYNE E. GRAY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**CURTIS T. JONES**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| DWAYNE E. GRAY, | ) | |
| | ) | |
| Appellant-Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-MF-576 |
| | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robyn L. Moberly, Judge
Cause No. 49D05-0508-MF-31274

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Dwayne E. Gray took out a loan from Chase Manhattan Mortgage Corporation ("Chase") and granted Chase a security interest in his real estate. When Gray defaulted on the loan, Chase initiated foreclosure proceedings. Gray, proceeding pro se, filed a complaint against Chase for damages regarding liens on the real estate. In the years that followed, Gray filed a second amended complaint for damages, which the trial court struck, and a motion for summary judgment, which the trial court denied. On appeal, Gray, again proceeding pro se, challenges the trial court's treatment of his second amended complaint and his summary-judgment motion. Finding no error, we affirm the trial court.

## Facts and Procedural History

In 2002, Gray executed a promissory note for $56,000 and delivered it to Chase, naming Chase as payee. Gray also executed a mortgage that granted Chase a security interest in two properties on College Avenue in Indianapolis ("the real estate"). Chase later assigned its interest in the note and mortgage to Citibank, the current holder, but Chase continued to service the mortgage.

Gray defaulted on the note and the mortgage by failing to make the required monthly payments. Citibank exercised its right to accelerate the indebtedness due under the note and mortgage. A trial court determined that Gray owed Citibank approximately $90,000. Foreclosure proceedings followed.

In 2008, while foreclosure proceedings were ongoing, Gray filed a complaint against Chase for damages regarding liens on the real estate. On Chase's motion, the

foreclosure proceeding was consolidated with Gray's complaint. In November 2010, without leave of court or Chase's or Citibank's consent, Gray filed a second amended complaint for damages, seeking to add a host of additional parties to the suit. Chase moved to strike the amended complaint, and the trial court issued an order striking Gray's second amended complaint. One month later, Gray filed a motion for summary judgment alleging, among other things, predatory lending practices, breach of contract, negligence, fraud, and "robo-signing."[1] Although Gray attached a number of documents to his motion to dismiss, none of the documents were authenticated, and Gray did not establish their admissibility through affidavit. *See* Appellee's App. p. 143-204. The trial court denied Gray's summary-judgment motion.

A bench trial was held in April 2012. By oral motion, Chase moved for judgment on the evidence on Gray's complaint. The trial court granted Chase's motion. Gray filed a motion to correct error, which the trial court denied. In June 2012, the trial court entered its Judgment and Decree of Foreclosure.

Gray now appeals.

**Discussion and Decision**

At the outset, we note that Gray's appellate materials are deficient in many ways. There is no statement of facts. *See* Ind. Appellate Rule 46(A)(6) ("This statement shall describe the facts relevant to the issues presented for review . . . ."). The argument section of Gray's brief is also problematic. Gray's arguments are difficult to follow and largely unsupported by authority. When Gray cites to authority, he does so without

---

[1] "Robo-signing" refers to the practice of signing foreclosure documents without reviewing them, assuming the documents to be correct.

explaining how that authority applies to his case. *See* Ind. Appellate Rule 46(A)(8)(a) (the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, *supported by cogent reasoning.* Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]") (emphasis added). And although Gray challenges the trial court's ruling on his summary-judgment motion, Gray has not provided that order. *See* Ind. Appellate Rules (9)(F)(8); 46(A)(10).

Because we prefer to decide cases on the merits whenever possible, *Omni Ins. Group v. Poage*, 966 N.E.2d 750, 753 (Ind. Ct. App. 2012), we will address the arguments that we can decipher.[2] Gray argues that the trial court erred by denying his motion for summary judgment and striking his second amended complaint.

## I.  Summary Judgment

Gray contends that the trial court erred by denying his motion for summary judgment. In reviewing a summary-judgment ruling, we apply the same standard applicable to the trial court. *Presbytery of Ohio Valley, Inc. v. OPC, Inc.*, 973 N.E.2d 1099, 1110 (Ind. 2012). Summary judgment is appropriate where the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Review is limited to those facts designated to the trial court, T.R. 56(H), and "[a]ll facts and

---

[2] Gray identifies two additional arguments in his statement of issues—regarding contract terms and "timely evidence"—that are not supported by *any* cogent argument, and for this reason, they are waived. Ind. Appellate Rule 46(A)(8)(a); *Spaulding v. Harris*, 914 N.E.2d 820, 833 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied.*

4

reasonable inferences drawn from those facts are construed in favor of the non-moving party." *Presbytery of Ohio Valley*, 973 N.E.2d at 1110 (quotation omitted).

Gray attached ten exhibits to his motion for summary judgment. But none of these exhibits were authenticated, and Gray did not establish their admissibility through affidavit. Unsworn statements and unverified exhibits do not qualify as proper evidence under Trial Rule 56. *Auto-Owners Ins. Co. v. Bill Gaddis Chrysler Dodge, Inc.*, 973 N.E.2d 1179, 1183 (Ind. Ct. App. 2012) (citation omitted). And when ruling on a motion for summary judgment, a trial court may only consider properly designated evidence that would be admissible at trial; unauthenticated evidence does not qualify as proper evidence. *See Kronmiller v. Wangberg*, 665 N.E.2d 624, 627 (Ind. Ct. App. 1996) (medical records submitted by parties opposing summary judgment in will-contest proceeding were properly struck from designated evidence because records were not authenticated, were not proven true and accurate, and had no indicia of reliability or trustworthiness), *trans. denied*.

Gray does not argue on appeal that the exhibits were admissible for some other reason. He states only that he "did show and demonstrate the absence of any genuine issue of material fact." Appellant's Br. p. 10. But for the reasons explained above, this argument fails. Because Gray designated no competent evidence to support his summary-judgment motion, the trial court did not err in denying the motion.

## II. Second Amended Complaint

5

Gray also argues that the trial court erred by striking his second amended complaint. Indiana Trial Rule 15(A) controls the filing of amended pleadings and states, in relevant part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within [30] days after it is served. Otherwise a party may amend his pleading only by leave of the court or by written consent of the adverse party; and leave shall be given when justice so requires.

Amendments to pleadings are to be liberally allowed. *MAPCO Coal, Inc. v. Godwin*, 786 N.E.2d 769, 777 (Ind. Ct. App. 2003). The trial court retains broad discretion in granting or denying amendments to pleadings, and we will reverse on appeal only when it abuses that discretion. *Id.* "An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law." *Fleming v. Int'l Pizza Supply Corp.*, 707 N.E.2d 1033, 1036 (Ind. Ct. App. 1999), *trans. denied.*

Gray filed his second amended complaint without leave of court or consent from Chase or Citibank. The trial court had implemented a case-management plan, which required Gray to file any motions to join additional parties or amend the pleadings by November 30, 2010. Gray did not comply with the case plan but unilaterally filed his second amended complaint instead. For this reason, we cannot say that the trial court abused its discretion in striking Gray's second amended complaint. *See Sekerez v. Gary Redev. Comm'n*, 301 N.E.2d 372, 376 (Ind. Ct. App. 1973) (trial court properly struck amended complaint filed without leave of court or the written consent of adverse party).

We acknowledge, as he points out in his Appellant's Brief, that Gray proceeded pro se throughout this case. But it is well settled that pro se litigants are held to the same standard as trained legal counsel. *See C.T. v. Gammon*, 928 N.E.2d 847, 849 n.1 (Ind. Ct. App. 2010) (citation omitted). Because Gray has shown no error by the trial court, we affirm.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.